SAWAYA, J.
Donnie Ray Jerry appeals the denial of his petition for writ of error coram nobis. We affirm.
Jerry entered guilty pleas in January 1991 to trafficking in cocaine, conspiracy to traffic in cocaine, sale within 1000 feet of a school, and possession. After he completed his sentence on these charges, Jerry once again found himself in prison, this time on federal charges. On May 8, 2001, Jerry filed the instant petition for writ of error coram nobis arguing that his state convictions should be set aside because (1) he was not advised by his attorney before entering his pleas that his convictions could be used against him in the future in federal court to enhance his federal sentence, and (2) his attorney was ineffective for failing to move to dismiss the informa-tions as being defective.[1] The other issue Jerry raises is without merit and does not warrant discussion.
The trial court denied the petition and rejected Jerry’s assertion that the trial court and defense counsel’s failure to *1249 inform him that his state convictions could be used to enhance any future federal sentence rendered his plea in the state case involuntary. It held that the use of convictions to enhance a future sentence is a collateral consequence of the plea of which a defendant need not be advised. The trial court was right.
A criminal defendant must be informed of the direct consequences of his or her plea. A direct consequence has generally been defined as one that has a “definite, immediate, and largely automatic effect on the range of the defendant’s punishment.” Zambuto v. State, 413 So.2d 461, 462 (Fla. 4th DCA 1982). The court in Major v. State, 814 So.2d 424 (Fla.2002), held that “neither the trial court nor counsel has a duty to advise a defendant that the defendant’s plea in a pending case may have sentence enhancing consequences on a sentence imposed for a crime committed in the future.” Id. at 431. Hence the fact that a plea and the resulting conviction may have consequences on sentences imposed for crimes committed in the future is a collateral consequence of which a defendant need not be advised.
Next, Jerry asserts that his attorney was ineffective for failing to object to the State’s amendment of the information which added him to count one and for not fifing a motion to dismiss that count. This argument was rejected by the trial court on the grounds that it was not the proper subject of a petition for writ of error coram nobis. We agree. A petition for writ of error coram nobis is not the proper procedural device to obtain relief if the alleged error concerns application of the law to facts which were known, or should have been known through the exercise of due diligence. State v. Perry, 786 So.2d 554 (Fla.2001), receded from on other grounds, Major. We find that Jerry’s claim of ineffective assistance of counsel is grounded on facts that were actually known to him at the time of the plea and, therefore, the trial court properly denied his petition. See Baker v. State, 805 So.2d 968 (Fla. 2d DCA 2001) (holding that claim of ineffective assistance of counsel based on facts actually known at the time of the plea are not cognizable in error coram nobis proceedings).
AFFIRMED.
PETERSON and ORFINGER, R.B., JJ., concur.

. Jerry filed within the two-year window of Wood v. State, 750 So.2d 592 (Fla.1999), so the petition is timely. Unfortunately for Jerry, however, he is not entitled to relief.