SHARP, W., J.
Green appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. He seeks to challenge his conviction and sentence in 1996 for armed burglary, aggravated assault, obstructing an officer with violence and carrying a concealed firearm, on the basis that his plea of guilty in that case was involuntary because he was not represented by counsel. Green alleges the trial court failed to advise him of his right to counsel, although he had been declared indigent, and he alleges he did not waive the right to counsel. He also alleges the court failed to advise him of the possibility that his conviction in that case could be used to enhance a criminal sentence he might receive in the future. We affirm.
The trial court correctly ruled that this motion is untimely. Green was sentenced on October 3, 1996, and took no appeal. That was the definitive date from which the time limits stated in rule 3.850 commenced to run in this case.[1] Green filed this motion on September 15, 2003, well beyond the two year time limit set forth in the rule, and he failed to allege that he qualified for any of the exceptions to that two year time limit. Rule 3.850 provides exceptions to the two year time limit when the facts alleged in the motion as the basis for the motion are newly discovered, and could not have been ascertained by due diligence or if they constitute a new fundamental constitutional right which applies retroactively, or if retained counsel failed to file a timely motion, as agreed to and promised. It is difficult to see how Green could make such allegations in this case because he was aware that he was not represented at the time of his plea, and he does not allege he was unaware of that right or could not have ascertained his right to counsel within two years of the plea.
In addition, there is no requirement that a trial court advise a defendant that his conviction resulting from a plea could be used in the future to enhance future criminal sentences. See Major v. State, 814 So.2d 424 (Fla.2002). See also McKowen v. State, 831 So.2d 794 (Fla. 5th DCA 2002); Jerry v. State, 816 So.2d 1247 (Fla. 5th DCA), rev. denied, 837 So.2d 410 (Fla.2003).
AFFIRMED.
MONACO and TORPY, JJ., concur.

. The fact that Green was placed on probation and that his probation was later revoked because he committed subsequent crimes, does not extend the time period under rule 3.850 for him to seek to withdraw his plea, or to bring other collateral attacks on his convictions in this case. See Green v. State, 828 So.2d 462 (Fla. 5th DCA 2002), rev. denied, 842 So.2d 844 (Fla.2003) (appealing new conviction and revocation of probation).