677 So.2d 22 (1996)
Emmett BLACK, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2836.
District Court of Appeal of Florida, Fourth District.
June 19, 1996.
Rehearing or Clarification Denied August 15, 1996.
Richard L. Jorandby, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
GUNTHER, Chief Judge.
We reverse and vacate appellant's conviction of and sentence for burglary. All of the elements of burglary are included in the offense of home invasion robbery, of which appellant was also convicted. See § 775.021(4)(b)1 Fla. Stat. (1995); Sirmons v. State, 634 So.2d 153, 155 (Fla.1994) (Kogan, J., concurring); Cf. Elmy v. State, 667 So.2d 392 (Fla. 1st DCA 1995).
We remand for preparation of a new and accurate sentencing guidelines scoresheet and resentencing of appellant based on the remaining offenses of which he was adjudicated guilty. We note that of the several reasons for upward departure previously stated, none with the possible exception of an escalating pattern of criminal conduct appeared to be sufficient in light of the record. See State v. Mischler, 488 So.2d 523, 525 (Fla.1986). As to what constitutes an escalating pattern of criminal conduct, see State v. Darrisaw, 660 So.2d 269 (Fla.1995); Miller v. State, 669 So.2d 1118 (Fla. 4th DCA 1996).
REVERSED AND REMANDED.
GLICKSTEIN and DELL, JJ., concur.