679 So.2d 340 (1996)
William Eugene BOWERS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2523.
District Court of Appeal of Florida, First District.
September 4, 1996.
Rehearing Denied September 25, 1996.
Nancy A. Daniels, Public Defender; Fred Parker Bingham, II, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant raises seven issues in regard to his convictions and sentences in the instant case. Appellant was convicted as charged of two counts of home-invasion robbery (one count as to each victim), one count of burglary with assault, and two counts of kidnapping. We affirm in part and reverse in part.
Using a gun, appellant and an accomplice forced their way into the home of Ginder and *341 Elmore and forced them and their young child to lie face down on the floor. Appellant threatened to pistol whip Ginder and to cut off his fingers if he did not cooperate. Ginder complied, and the two men took money and other items in the house. Before leaving, the robbers tied up both Ginder and Elmore.
We vacate appellant's convictions for home-invasion robbery. Initially, Appellant was convicted of two counts of home-invasion robbery that arose out of appellant's entry into a single dwelling occupied by its two owners. Section 812.135, Florida Statutes (1995), defines home-invasion robbery as "[a]ny robbery that occurs when the offender enters a dwelling with the intent to commit a robbery, and does commit a robbery of the occupants therein." As the state properly concedes, the statute clearly contemplates a single entry into a dwelling and the ensuing robbery of one or more occupants. Accordingly, only one count of home-invasion robbery properly could be charged. Second, the home-invasion robbery convictions are vacated because the crime of burglary with assault is subsumed by the offense of home-invasion robbery. See §§ 775.021, 810.02(1), 810.02(2)(a), 812.135, 812.13(1), Fla.Stat. (1995). See also Black v. State, 677 So.2d 22 (Fla. 4th DCA 1996); Elmy v. State, 667 So.2d 392 (Fla. 1st DCA 1995). In the instant case the subsumed crime, burglary with assault, is a greater offense. We therefore vacate the conviction for home-invasion robbery. In addition, on remand, the judgment must be corrected to reflect that burglary with assault is a first degree felony punishable by life. § 810.02(2)(a), Fla.Stat. (1995).
We also reverse the order imposing restitution. Rhoden v. State, 622 So.2d 122 (Fla. 1st DCA 1993)(reversing restitution order entered without oral pronouncement of restitution or opportunity for defendant to be heard on amount assessed); Palag v. State, 622 So.2d 1151, 1152 (Fla. 1st DCA 1993) ("The state concedes the trial court erred in imposing a restitution amount in the written judgment, when the amount was not mentioned at the revocation proceeding. Moreover, the record before this court is silent with regard to the manner in which the restitution amount was determined."). On remand the court may impose restitution in accordance with section 775.089, Florida Statutes.
We affirm without further discussion all other issues raised in the instant case.
MINER, ALLEN and WEBSTER, JJ., concur.