718 So.2d 917 (1998)
Mack Arthur McALLISTER, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3450.
District Court of Appeal of Florida, Fifth District.
September 25, 1998.
*918 James B. Gibson, Public Defender, and Lyle Hitchens, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jennifer Meek, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, M., Senior Judge.
Appellant was convicted of burglary of a conveyance with an assault or battery, and robbery. He contends that the conviction for robbery violates double jeopardy principles. We disagree and affirm.
The evidence at trial showed that appellant forcibly entered a vehicle while the driver was stopped to make a turn, punched the driver and demanded money. Appellant then removed cash and lottery tickets from the driver's pocket and, not being satisfied, demanded more money and threatened to shoot the driver if he did not comply. The driver testified that he was in fear for his life, and told appellant that he had no more money, after which appellant exited the car. Appellant was apprehended a short time later.
On appeal, appellant argues that the robbery conviction should be vacated because robbery is subsumed by the offense of burglary with assault or battery, relying on Crawford v. State, 662 So.2d 1016 (Fla. 5th DCA 1995), where Crawford was convicted of aggravated battery and burglary with a battery, and where the same battery supported both charges. This court vacated the aggravated battery conviction because the same facts which established the aggravated battery charge (i.e., the same blow) also formed the basis for the battery element of the burglary charge. Appellant also relies on Bowers v. State, 679 So.2d 340 (Fla. 1st DCA 1996), where Bowers was convicted of home invasion robbery and burglary with an assault for the same act of home invasion. The court there held that the burglary charge was subsumed by the offense of home invasion robbery.
In § 775.021(4)(b), Fla. Stat. (1997),[1] the legislature expressed its intent that there be a separate conviction and sentence for each criminal offense, unless one of the offenses is a degree of the other, a necessarily lesser included offense and subsumed in the other, or both offenses are identical. Under the traditional Blockburger[2] analysis, burglary with a battery or assault and robbery are separate offenses because each offense contains one or more essential elements that the other does not. Burglary requires the entering or remaining in a conveyance with the intent to commit an offense therein. See § 810.02(1), Fla. Stat. (1997). None of these elements are required for the robbery offense. On the other hand, robbery includes a taking, which is not required under burglary. See § 812.13(1), Fla. Stat. (1997). Although there is a force or assault element in each crime charged in this case, the other elements of each offense are distinctively different. Therefore, the offenses are not identical and one offense is not subsumed by the other offense.
Unlike Bowers v. State, supra, appellant was not charged with home invasion robbery. Home invasion robbery is in essence an aggravated form of burglary, because it requires a burglary and a robbery. Whereas the appellate court used the term "subsumed," it appears that home invasion robbery is an enhanced degree of burglary in the same way that burglary with an assault or battery is an enhanced degree of burglary. Home invasion robbery is a peculiar statutory creation, in that the offense of robbery is a part of it and is thus subsumed by it, and the offense of burglary is a lesser degree of the same substantive crime. On the other *919 hand, the offense of robbery is not subsumed by the offense of burglary or vice versa, because neither of these offenses includes all of the essential elements of the other.
This case is also distinguishable from Crawford, supra, where this court held that multiple convictions for burglary with a battery and aggravated battery were improper. The opinion noted that regardless of whether burglary with a battery is viewed as an enhanced degree of the crime of burglary, or subsumes any battery charge based on the same factual act, multiple convictions would be improper under section 775.021(4)(b), Florida Statutes. Once again, neither offense in this case is subsumed in the other. Likewise, robbery and burglary are not degrees of the same substantive crime. Theft would be the core offense of robbery, as robbery is basically a violent theft. The core offense of burglary is trespass. Burglary is an enhanced degree of trespass, because the perpetrator must not only commit a trespass, but also have the intent to commit a felony. Burglary with an assault or battery is even a greater degree of this same core offense because of the violence or threat of violence.
Under the facts of this case, appellant got into an occupied car, punched the driver in the cheek, and demanded all of his money. These factual acts would support a burglary with a battery conviction, because appellant entered the car, struck the victim, and showed his intent to commit a robbery. After appellant punched the victim, the victim blacked out for a few seconds. The victim then observed appellant reaching into his pockets and removing cash and lottery tickets. Although the same punch supported the battery element in the burglary offense and the use of force element in the robbery offense, the burglary with a battery offense was completed before the taking occurred. Likewise, the entry into the vehicle or any other act that preceded the punch was not relevant to prove the robbery.
We conclude that no double jeopardy violations appear in appellant's convictions for burglary with an assault or battery and robbery.
AFFIRMED.
HARRIS, J., concurs.
THOMPSON, J., concurs in result only.
NOTES
[1] Section 775.021(4)(b) reads as follows: "The intent of the legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are: 1) Offenses which require identical elements of proof. 2) Offenses which are degrees of the same offense as provided by statute. 3) Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense."
[2] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).