ORFINGER, M., Senior Judge.
The defendant appeals his conviction for attempted burglary of a conveyance asserting that his conviction violates his double jeopardy rights because he was earlier convicted of a misdemeanor charge of criminal mischief which arose out of the same criminal episode.
The defendant was arrested for burglary of a conveyance after he was observed breaking the window of an unoccupied vehicle with a rock. He was charged in the circuit court with the felony of attempted burglary of a conveyance. The defendant had been previously charged in a county court case with criminal mischief arising out of this same factual situation. The defendant entered a plea and was convicted on the county court criminal mischief charge. In pleading nolo contendere to the attempted burglary charge, the defendant reserved for appeal the dispositive double jeopardy issue, asserting that a conviction for attempted burglary was barred by his earlier criminal mischief conviction.
Initially, under Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) analysis there is no double jeopardy violation in convicting the defendant for both attempted burglary of a conveyance and criminal mischief. In section 775.021(4)(b), Florida Statutes, the legislature expressed its intent that there be a separate conviction and sentence for each criminal offense, unless one of the offenses is a degree of the other, a necessarily included offense subsumed in the other, or both offenses are identical. See McAllister v. State, 718 So.2d 917 (Fla. 5th DCA 1998). Although these crimes arose from one single factual episode each contains an element of proof not required in the other. See Tarpley v. Dugger, 841 F.2d 359 (11th Cir.1988) (convictions for burglary, grand theft, and criminal mischief arising out of the same episode do not violate the double jeopardy clause).
Appellant did not raise the issue of consolidation of offenses either in the trial court or before this court, but because the issue is pertinent, we discuss it. Fla. R.Crim. P. 3.151 deals with consolidation of related offenses. Rule 3.151(a) defines “related offenses” as those which are triable in the same court and are based on the same act or transaction or on two or more connected acts or transactions. Rule 3.151(c) provides for dismissal of related charges after trial.[1] However, appellant could not have availed himself of the benefit of this rule because he was never tried on the criminal mischief charge, but pled thereto. In order for a defendant to obtain dismissal of “related charges” he must first have been subjected to trial on one of the related offenses, but where he pleads guilty or nolo contendere to charges, he is not entitled to a dismissal of subsequently filed charges. State v. Harris, 357 So.2d 758 (Fla. 4th DCA 1978), approved; State v. Gibson, 682 So.2d 545 (Fla.1996); see also, Malik v. State, 640 So.2d 224 (Fla. 5th DCA 1994).
AFFIRMED.
W. SHARP, and HARRIS, JJ., concur.

. Rule 3.151 (c) provides:
(c) Dismissal of Related Offenses After Trial. When a defendant has been tried on a charge of 1 of 2 or more related offenses, the charge of every other related offense shall be dismissed on the defendant’s motion unless a motion by the defendant for consolidation of the charges has been previously denied, or unless the defendant has waived the right to consolidation, or unless the prosecution has been unable, by due diligence, to obtain sufficient evidence to warrant charging the other offense or offenses.