ORFINGER, M., Senior Judge.
Mr. Grubbs is again before the court[1] appealing his convictions for burglary of a conveyance and criminal mischief. He ar *504 gues that convictions for burglary and criminal mischief arising out of the same incident violate the prohibition against double jeopardy, and that the court erred in not charging the jury with the lesser included offense of attempted burglary of a conveyance.
As we pointed out in Grubbs I where appellant raised the same double jeopardy argument, section 775.021(4)(b), Florida Statutes, expresses the intent of the legislature that there be a separate conviction and sentence for each criminal offense, unless one of the offenses is a degree of the other, a necessarily included offense subsumed in the other, or both offenses are identical. See McAllister v. State, 718 So.2d 917 (Fla. 5th DCA 1998). Although these crimes arose from one single factual episode, each contains an element of proof not required in the other. See Tarpley v. Dugger, 841 F.2d 359 (11th Cir.1988), cert. den., 488 U.S. 837, 109 S.Ct. 101, 102 L.Ed.2d 76 (convictions for burglary, grand theft and criminal mischief arising out of the same episode do not violate the double jeopardy clause). No error appears here.
Appellant argues that the trial court should have granted his motion for a judgment of acquittal on the- burglary charge and instructed the jury on a charge of attempted burglary instead. Defendant’s motion for a judgment of acquittal on the burglary charge was properly denied. There was evidence from which the jury could conclude that defendant without permission from- the custodian had smashed the rear window of the vehicle in question and had partially entered into it when he was spotted and frightened away. The question of his intent to commit a crime was for the jury. No request was made for an instruction on attempted burglary. In fact, when the trial judge at the jury instruction conference indicated that he might grant a judgment of acquittal on the burglary charge and charge the jury on attempted burglary, defense counsel declined. He argues now that the trial court sua sponte should have reduced the charge to attempted burglary and instructed the jury on that charge, but the trial court has no obligation to reduce a charge or instruct on a lesser offense when defense counsel does not request it or declines the court’s offer to so instruct the jury. This could very well be trial strategy on defense counsel’s part in the hope that a jury would be more likely to acquit than if it could convict on a lesser charge. See, e.g. Demurjian v. State, 727 So.2d 324 (Fla. 4th DCA 1999).
AFFIRMED.
THOMPSON, C.J., and GRIFFIN, J., concur.

. See Grubbs v. State, 771 So.2d 49 (Fla. 5th DCA 2000) (Grubbs I).