798 So.2d 749 (2001)
Raymond MENDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-2959.
District Court of Appeal of Florida, Fifth District.
March 30, 2001.
James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, R.B., J.
Raymond Mendez, Jr. (Mendez), appeals his convictions for home invasion robbery *750 in violation of section 812.135, Florida Statutes (1998), burglary of a dwelling with an assault and/or battery, in violation of sections 810.02(1) and 810.02(2)(a), Florida Statutes (1998) and attempted sexual battery in violation of section 794.011(5) and section 777.04, Florida Statutes (1998). We affirm in part and reverse in part.
At approximately 7:30 a.m. on December 31, 1998, Marianne Sedacca (Sedacca) was in her apartment dressing for work when she heard a knock at the door. She answered the door, and Mendez forced his way into the apartment. Mendez then grabbed Sedacca by the hair, threatened her with a knife and demanded money. Sedacca gave Mendez $60.00. Mendez then began touching Sedecca's buttocks and vaginal area. About that time, Mendez heard Sedacca's boyfriend enter the apartment, so he jumped out Sedacca's bedroom window. Mendez was later apprehended and charged with the instant offenses.
Mendez first contends that convictions for both home invasion robbery and burglary of a dwelling with a battery violate his protection against double jeopardy guaranteed by the Fifth Amendment to the United States Constitution and article I, section 9 of the Florida Constitution. We agree. The crime of burglary of a dwelling with an assault or battery is subsumed by the offense of home invasion robbery. See McAllister v. State, 718 So.2d 917, 918 (Fla. 5th DCA 1998) ("Home invasion robbery is in essence an aggravated form of burglary, because it requires a burglary and robbery."); Weiss v. State, 720 So.2d 1113, 1113 (Fla. 3rd DCA 1998); Bowers v. State, 679 So.2d 340, 341 (Fla. 1st DCA 1996). Convictions for both offenses, arising from the same incident, would violate Mendez's double jeopardy protection and the proscriptions of section 775.021(4)(b), Florida Statutes (1997). Since the subsumed offense (burglary of a dwelling with a battery) carries the greater sentence in this case, we vacate the conviction for home invasion robbery.[1]See Bowers, 679 So.2d at 341.
Mendez next complains that being sentenced as both an habitual felony offender pursuant to section 775.084(4)(a), Florida Statutes (1998) and a prison releasee reoffender pursuant to section 775.082(9), Florida Statutes (1998) also violates his constitutional protections against double jeopardy. The double jeopardy clause of the United States Constitution "protects against multiple punishments for the same offense." Ohio v. Johnson, 467 U.S. 493, 498, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984). This protection is "designed to ensure that the sentencing discretion of the courts is confined to the limits established by the legislature." Id. at 499, 104 S.Ct. 2536. After the briefs were filed in this case, the supreme court in Grant v. State, 770 So.2d 655, 657-58 (Fla.2000), held that a trial court may impose an habitual offender sentence on a prison releasee reoffender when the defendant qualifies under both statutes. Accordingly, we find no error in Mendez's classification and sentences as both an habitual offender and a prison releasee reoffender.
Finally, Mendez argues that he was improperly designated a sexual predator pursuant to section 775.21, Florida Statutes (1997). He contends that he does not meet the criteria necessary to be designated a sexual predator. On the record before us, we cannot determine whether Mendez qualifies as a sexual predator or not. Accordingly, on remand, the court shall determine if Mendez qualifies as a *751 sexual predator pursuant to section 775.21(4), Florida Statutes (2000) or if he must comply with the registration requirements imposed on sexual offenders pursuant to section 943.0435, Florida Statutes (2000).[2]
We find the remaining issues raised by Mendez to be without merit. We affirm Mendez's convictions for burglary of a dwelling with a battery and attempted sexual battery, but vacate his conviction for home invasion robbery. We remand this matter to the trial court for a determination as to Mendez's qualification as a sexual predator or for sexual offender registration.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
COBB and GRIFFIN, JJ., concur.
NOTES
[1] Mendez was sentenced as an habitual offender and prison releasee reoffender to concurrent life sentences for each of these convictions.
[2] This court has previously held that designation as a sexual predator is "neither a sentence nor a punishment but simply a status resulting from the conviction of certain crimes." Fletcher v. State, 699 So.2d 346, 347 (Fla. 5th DCA 1997). Thus, no ex post facto concerns exist that would prohibit applying the current statute to Mendez. Rickman v. State, 714 So.2d 538 (Fla. 5th DCA 1998); Doe v. Poritz, 142 N.J. 1, 662 A.2d 367 (1995).