828 So.2d 462 (2002)
Carl GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-2837.
District Court of Appeal of Florida, Fifth District.
October 18, 2002.
*463 James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Lamya A. Henry, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Double jeopardy is the only issue of merit presented in this appeal.[1] Can a defendant be convicted of armed carjacking and burglary of a conveyance with an assault when both arise out of the same incident? We say yes, and affirm Green's conviction.
At approximately 2:30 in the morning, the victim left her place of employment. As she drove to her boyfriend's house, she believed that she was being followed. As she parked in the driveway, Carl Green suddenly appeared and pointed at her what appeared to be a gun and demanded the keys to her car. The victim surrendered the keys, got out, and Green drove away in the victim's car. A short time later, the police observed the victim's car on a nearby road. Green fled from the police but eventually crashed the car. Police apprehended Green and found an air pistol in the car.
Green was charged with armed carjacking,[2] burglary of a conveyance with assault,[3] and aggravated flight from a law enforcement officer.[4] The jury found Green guilty as charged. On appeal, Green argues that he cannot be convicted of both armed carjacking and burglary of a conveyance with an assault without violating his rights against double jeopardy. Specifically, he argues that the state, in order to prove the armed carjacking, had to prove the burglary as well. Thus, his crime of burglary was subsumed by his crime of carjacking.
*464 Although this issue appears to be one of first impression, we are guided in our analysis by section 775.021(4), Florida Statutes (2002), which states:
(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
The Legislature expressed its intent that there be a separate conviction and sentence for each criminal offense involved in a single transaction, unless the offenses fall within one of the stated exceptions. McAllister v. State, 718 So.2d 917, 918-19 (Fla. 5th DCA 1998).
The crimes in the instant case do not fall within any of the statutory exceptions. Armed carjacking and burglary of a conveyance with assault contain different elements of proof. Specifically, carjacking requires the "taking of a motor vehicle ... from the person or custody of another," while burglary of a conveyance requires "entering ... of a conveyance with the intent to commit an offense therein." See also Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). These crimes are not degrees of the same offense. Carjacking is a theft crime. It is well established that theft and burglary, even if of the same item, a motor vehicle, are separate crimes addressing separate evils. See State v. Stephens, 601 So.2d 1195, 1197 (Fla.1992) ("The act of breaking into a vehicle itself is a separate evil often involving damage to components of that vehicle. Car theft involves the separate evil of depriving an owner of the entire car.").
We also reject Green's argument that burglary of a conveyance with assault is subsumed within carjacking. Our supreme court rejected a similar argument in Stephens, stating:
Such a burglary is complete the moment the defendant enters or remains within the vehicle with the requisite intent. Even if the defendant changes plans and decides not to steal the vehicle, the crime of burglary still would exist. However, if the defendant then takes the additional step of starting the vehicle and driving away with it, the separate crime of auto theft then will be complete. In sum, two separate evils involving two distinct temporal events are involved in the typical auto theft. Nothing in our law prohibits the charging of both offenses merely because both often occur within a single transaction.
Stephens, 601 So.2d at 1197. We believe this analysis applies in the instant case as well. Accordingly, we conclude there is no violation of Green's double jeopardy rights in his convictions for carjacking and burglary *465 of a conveyance with assault.[5]
Our ruling appears to be in line with the majority of jurisdictions that have considered the issue. See e.g., State v. Ralph, 6 S.W.3d 251 (Tenn.1999) ("separate convictions for burglary and theft of same automobile do not violate due process principles; both offenses are defined narrowly by statute and clearly require proof of different elements, not every theft includes burglary, and theft is one of statutorily listed felonies that will support burglary conviction"); State v. Pantusco, 330 N.J.Super. 424, 750 A.2d 107 (App.Div. 2000) (holding that burglary and theft of automobile are separate offenses), certif. Denied, 165 N.J. 527, 760 A.2d 781 (2000); State v. Brown, 188 Ariz. 358, 936 P.2d 181 (App.1997) (holding that even if defendant changes plans and decides not to steal the car he has entered with such an intent, he has still committed the crime of burglary; if he takes the additional step of starting the vehicle and driving it away, he has completed the crime of auto theft); see also State v. McGruder, 123 N.M. 302, 940 P.2d 150 (1997) (holding that no double jeopardy problem existed for dual convictions of armed robbery and unlawful taking of a motor vehicle).
AFFIRMED.
HARRIS, J., concurs.
SHARP, W., J., dissents with opinion.
SHARP, W., J., dissenting.
I respectfully dissent because, in my view, the crime of armed carjacking subsumes and encompasses the crime of burglary of a conveyance with an assault in this case and thus there should not be dual convictions for both crimes. I would base this decision on section 775.021(4), Florida Statutes, which incorporates the Blockburger test[1] governing federal double jeopardy jurisprudence not the constitutional provision prohibiting double jeopardy.
As we have pointed out in prior cases, it is not clear that the Florida Supreme Court or the United States Supreme Court has held that double jeopardy bars dual prosecutions and punishments for the same crime in one criminal prosecution, thus leaving the issue to the intent of the particular state's legislature. See Jones v. Thomas, 491 U.S. 376, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989); Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); Crawford v. State, 662 So.2d 1016, 1017 (Fla. 5th DCA 1995), receded from on other grounds, State v. Reardon, 763 So.2d 418 (Fla. 5th DCA 2000); Turner v. State, 661 So.2d 93 (Fla. 5th DCA 1995); Wilkins v. State, 543 So.2d 800, 802 (Fla. 5th DCA) (Sharp, W., J., concurring), rev. denied, 554 So.2d 1170 (Fla.1989); Gordon v. State, 457 So.2d 1095, 1098 (Fla. 5th DCA 1984), approved, 478 So.2d 1063 (Fla.1985).
Our Legislature has expressed its intent in section 775.021(4), Florida Statutes:
(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal *466 offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
As set forth in the majority opinion, this case involved a bare-bones carjacking. Upon getting out of her car, the victim was confronted by the appellant, who pointed what appeared to be a gun at her and demanded she give him the keys to her car. She did so, and he got into the car and drove away.
If application of the Blockburger test rests solely on a sterile listing of statutory elements of the two crimes charged, then the majority opinion is correct. If, however, the application goes beyond and includes elements that must be proved in a given case, then the majority analysis is flawed. The carjacking offense[2] in this case requires proof of "taking of a motor vehicle ... from the person or custody of another...." And, in this case with an assault (use of the apparent gun). The offense of burglary of a conveyance with an assault[3] requires proof of "entering ... a conveyance with the intent to commit an offense therein" and in this case, gaining entry by assault on the victim in possession of the car (the same assault and use of the presumed gun as the carjacking with the intent to steal the car).
Our courts have repeatedly held that multiple punishments are impermissible where the defendant has killed one person even though the crimes have different elements. See, e.g., State v. Chapman, 625 So.2d 838 (Fla.1993) (single death cannot support conviction for both DUI manslaughter and vehicular homicide); Cooper v. State, 621 So.2d 729 (Fla. 5th DCA 1993), approved, 634 So.2d 1074 (Fla.1994) (defendant could not be convicted for both offenses of DUI manslaughter and driving while license suspended and carelessly or negligently causing the death of another human being where there was only one death). This is so despite acknowledgment that crimes such as DUI manslaughter and vehicular homicide are two separate crimes under a strict Blockburger analysis. See Chapman; Collins v. State, 605 So.2d 568 (Fla. 5th DCA 1992). The principle there can be only one penalty imposed for causing the death of a single victim is said to be based on notions of "fundamental fairness" which recognize that multiple punishments for a single killing is inequitable. See Gordon v. State, 780 So.2d 17 (Fla.2001).
As a matter of commonsense and "fundamental fairness," the burglary crime in this case required proof of the exact and identical elements of the carjacking offense, and the proofs were in fact identical: threat of a gun (assault on the victim in possession of the car), and the defendant *467 getting into the victim's car with the intent to steal it.
The carjacking charge required proof of use of force against the person being deprived of possession (the same assault on the same victim) as the burglary of a conveyance, and entering the car in order to drive it off. To establish the armed carjacking, the state did not even have to prove that the appellant, after entering the car, proceeded to drive off in it. Price v. State, 816 So.2d 738 (Fla. 3d DCA 2002); James v. State, 745 So.2d 1141 (Fla. 1st DCA 1999). While it is conceivable that a carjacking could occur with use of a crane or tow truck, following the forcible taking of the car from its possessor, and thus avoid "entry" into the vehicle, (i.e.burglary) most carjackings are, in essence, enhanced burglaries.
In Cruller v. State, 808 So.2d 201 (Fla. 2002), the Florida Supreme Court relied on the charging document to determine whether a double jeopardy problem existed. The court upheld convictions for armed robbery and carjacking against a double jeopardy challenge in a case where the defendant robbed the victim not only of his car, but also of his wallet and some money. In so holding, the court said:
We find that the language, structure and legislative history of the carjacking statute represent a clear statement from the Legislature that it intended to authorize separate punishments for carjacking and robbery when the indictment for robbery lists property other than a motor vehicle. (emphasis added)
Cruller, 808 So.2d at 203-204. In my view, the court's emphasis on how the indictment reads suggests both that double jeopardy would have been implicated if only robbery or theft of the motor vehicle had been alleged, and that review of what, in particular, was charged is relevant and necessary in double jeopardy analysis.
In Gibbs v. State, 698 So.2d 1206 (Fla. 1997), the defendant was convicted of trafficking possession under section 893.135(1)(b), Florida Statutes (1989) and simple possession under section 893.13(1)(f), Florida Statutes (1989). The Florida Supreme Court held these dual convictions violated double jeopardy principles. However, the court noted there would be no double jeopardy violation if the defendant had been charged with trafficking sale, an alternate activity prohibited under section 893.135, and simple possession. Thus Gibbs also shows the importance of examining the charging document to determine whether a double jeopardy problem exists.
In Mendez v. State, 798 So.2d 749 (Fla. 5th DCA 2001), this court held that double jeopardy concepts precluded a conviction for both home invasion robbery and burglary of a dwelling with an assault or battery because the burglary is subsumed by the former greater crime. The court quoted from McAllister v. State, 718 So.2d 917 (Fla. 5th DCA 1998).
In McAllister, the appellant was convicted of burglary of a conveyance with an assault or battery and robbery. In finding no double jeopardy problem with the two convictions, this court wrote:
Burglary requires the entering or remaining in a conveyance with the intent to commit an offense therein. § 810.02(1), Fla. Stat. (1997). None of these elements are required for the robbery offense. On the other hand, robbery includes a taking which is not required under burglary. See § 812.13(1), Fla. Stat. (1997). Although there is a force or assault element in each crime charged in this case, the other elements of each offense are distinctively different. Therefore, the offenses are not identical and one offense is not subsumed by the other offense.

*468 Unlike Bowers v. State, [679 So.2d 340 (Fla. 1st DCA 1996) ], appellant was not charged with home invasion robbery. Home invasion robbery is in essence an aggravated form of burglary, because it requires a burglary and a robbery. Whereas the appellate court used the term "subsumed," it appears that home invasion robbery in an enhanced degree of burglary in the same way that burglary with an assault or battery is an enhanced degree of burglary. Home invasion robbery is a peculiar statutory creation, in that the offense of robbery is a part of it and is thus subsumed by it, and the offense of burglary is a lesser degree of the same substantive crime. On the other hand, the offense of robbery is not subsumed by the offense of burglary or vice versa, because neither of these offenses includes all of the essential elements of the other.
McAllister, 718 at 918-19.
The issue presented in State v. Stephens, 601 So.2d 1195 (Fla.1992), was whether the crime of burglary of a conveyance is proven when the evidence shows the defendant entered the conveyance for the sole purpose of stealing it. The court held that it was proved. But it did not hold any double jeopardy problem existed in convicting a defendant for both grand theft auto and burglary of a conveyance, although by dictum it indicated it would so rule. Even so, this case is distinguishable because there was no breaking and entering of the conveyance other than is required to be proved by the carjacking statute and they were identical.
Generally, there should be no double jeopardy prohibition to a conviction for robbery and a conviction for burglary. However, as home invasion robbery is considered an enhanced degree of burglary, a bare-bones carjacking, as in this case, I submit, should be in nearly all cases an enhanced burglary of a conveyance. The convictions for both armed carjacking and burglary of a conveyance with an assault should not both stand where, as alleged in the information and proven at trial, only one victim was assaulted and the theft or robbery related only to the car taken, and the entering into the conveyance by the same assault constituted an essential part of the carjacking. In my view, the burglary of a conveyance was subsumed by the crime of carjacking. There was, as a practical matter, no way to commit the carjacking without committing the burglary. As we concluded in Mendez that the appellant should not be convicted of both the home invasion robbery and the burglary with an assault or battery, we should also hold the appellant here should not be convicted of both carjacking and burglary of a conveyance with an assault. See Marcum v. State, 725 N.E.2d 852 (Ind.2000).
NOTES
[1] Green also argues that the trial court erred in allowing the state to elicit that Green used an alias when arrested because it constituted improper "Williams Rule" evidence. We find no merit in this issue, and further note that if there was error in the trial court's discretionary ruling on this matter, there was no reasonable possibility that the error contributed to the jury's verdict. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla. 1986).
[2] § 812.133(1), Fla. Stat. (2000).
[3] § 810.02(1), Fla. Stat. (2000).
[4] § 316.1935, Fla. Stat. (2000).
[5] In reaching this conclusion, we note a distinction between the home invasion robbery of section 812.135(1), which subsumes the offense of a burglary by requiring, as an element, an entry into a dwelling with the intent to commit a robbery, and the carjacking offense of section 812.133(1), which merely requires the taking of a motor vehicle by force and does not require entry with an intent to commit an offense therein. See McAllister, above, in which the court ruled the offense of burglary is a subsumed offense of home invasion robbery.
[1] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[2] §§ 812.133(1) and (2)(b); 775.087(1), Fla. Stat.
[3] § 810.02(1) and (2)(a) Fla. Stat.