911 So.2d 271 (2005)
Shawn BROCK, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-709.
District Court of Appeal of Florida, Fifth District.
September 30, 2005.
*272 James S. Purdy, Public Defender, and Rose M. Levering, Assistant Public Defender, Daytona Beach, for Appellant.
Shawn Brock, Orlando, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Shawn Brock appeals his convictions for attempted voluntary manslaughter, home-invasion robbery with a firearm, attempted home-invasion robbery with a firearm, two counts of aggravated assault with a firearm, grand theft, third-degree, shooting within a building, and battery. Brock's public defender filed a brief, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that she could find no meritorious issues to appeal, but suggested that Brock's convictions in counts II and III for two home-invasion robbery offenses of two victims from the same criminal episode violated double jeopardy. We agree and reverse the conviction for attempted home-invasion with a firearm with directions that the conviction be vacated. Otherwise, we affirm.
Section 812.135, Florida Statutes (2001), the home-invasion robbery statute reads as follows:
(1) "Home-invasion robbery" means any robbery that occurs when the offender enters a dwelling with the intent to commit a robbery, and does commit a robbery of the occupants therein.
(2) A person who commits a home-invasion robbery is guilty of a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Brock was charged with home-invasion robbery of money or cannabis from Franik Noriega in count II, and attempted home-invasion robbery of money from Melanie Parker in count III. Both charges arose from the same incident, separated in time by a few minutes, at most. Both victims were occupants of the home.
The state answered that no double jeopardy violation occurred because the two counts concerned different victims. Alternatively, it suggested that, if the court concludes that a double jeopardy violation occurred, then this court should direct the trial court to reduce count III to a conviction for the lesser included offense of attempted robbery with a firearm.
This issue was not preserved for appeal, but violations of double jeopardy principles are fundamental error and can be raised for the first time on appeal. State v. Johnson, 483 So.2d 420, 422 (Fla.1986); Hunsicker v. State, 881 So.2d 1166, 1169 (Fla. 5th DCA 2004), review denied, 894 So.2d 970 (Fla.2005); Rios v. State, 791 So.2d 1208, 1210 (Fla. 5th DCA 2001). Only one count of home-invasion robbery may properly be charged for the entry into a single dwelling occupied by its two owners. See Bowers v. State, 679 So.2d 340, 341 (Fla. 1st DCA 1996) (holding section 812.135 "clearly contemplates a single entry into a dwelling and the ensuing robbery of one or more occupants"). Although several victims were in the home, *273 Brock entered only one home during this crime. Thus, Brock may be punished only once.
In this case, the state's alternate argument that this court direct a conviction of the lesser included offense is incorrect. As this court explained in McAllister v. State, 718 So.2d 917, 919 (Fla. 5th DCA 1998), "[h]ome invasion robbery is a peculiar statutory creation, in that the offense of robbery is a part of it and is thus subsumed by it...." Therefore, the lesser included of attempted robbery with a firearm would be subsumed by the conviction for home-invasion robbery. Accordingly, we reverse and direct the trial court to vacate the conviction for attempted home-invasion robbery with a firearm.
REVERSED in part, conviction VACATED for attempted home-invasion with a firearm, but otherwise AFFIRMED.
PLEUS, C.J. and SAWAYA, J., concur.