951 So.2d 859 (2006)
James PEREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-2245.
District Court of Appeal of Florida, Second District.
July 7, 2006.
Rehearing Denied August 23, 2006.
James Marion Moorman, Public Defender, and Deana K. Marshall, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
James Perez appeals his judgments and sentences for armed home invasion robbery, armed burglary, and false impersonation of a law enforcement officer during the commission of a felony. Mr. Perez committed all three offenses on September 26, 2003, during a single criminal episode. The trial court sentenced Mr. Perez to concurrent terms of life imprisonment for the home invasion robbery and the armed burglary and to another concurrent term of fifteen years' imprisonment for the false impersonation offense. Although it may have little practical effect, we must reverse the judgment and sentence for armed burglary because it either violates double jeopardy under article I, section 9, of the Florida Constitution, or contravenes section 775.021(4)(b), Florida Statutes (2003).
It has been held that convictions arising from a single episode for home invasion robbery and burglary violate either double jeopardy or section 775.021(4)(b)(3). See, e.g., Mendez v. State, 798 So.2d 749 (Fla. 5th DCA 2001) (holding convictions for burglary of a dwelling with assault or battery and home invasion robbery violated double jeopardy and section 775.021(4)(b) *860 because burglary of a dwelling was subsumed by the home invasion robbery offense); Barboza v. State, 786 So.2d 675 (Fla. 3d DCA 2001) (holding that the state conceded that appellant's convictions for both home invasion robbery and burglary with an assault were improper); Weiss v. State, 720 So.2d 1113 (Fla. 3d DCA 1998) (explaining conviction for home invasion robbery and burglary with assault violated double jeopardy); Black v. State, 677 So.2d 22 (Fla. 4th DCA 1996) (vacating burglary conviction where appellant was convicted of burglary and home invasion robbery because all of the elements of burglary are contained in home invasion robbery).
The State persuasively argues that the burglary was complete at the moment Mr. Perez entered the home and that the robbery was a separate offense occurring at least a few seconds later inside the home. Accordingly, the State maintains that convictions for the two offenses are permissible under section 775.021. Although such an analysis has been accepted for the crimes of armed carjacking and burglary of a conveyance, the language of the home invasion robbery statute does not appear to permit this distinction. See Green v. State, 828 So.2d 462 (Fla. 5th DCA 2002).
In this case, the jury made a specific finding that Mr. Perez possessed a firearm in both offenses. Armed burglary is a first-degree felony punishable by life. § 810.02(2)(b), Fla. Stat. (2003). Home invasion robbery is reclassified as a life felony when a jury determines that the defendant possessed a firearm during the offense. §§ 775.087(1)(a), 812.135(2), Fla. Stat. (2003). Thus, Mr. Perez's conviction for armed burglary must be vacated as it is subsumed by the greater offense of armed home invasion robbery.
Affirmed in part, reversed in part, and remanded.
WHATLEY and CASANUEVA, JJ., Concur.