956 So.2d 1254 (2007)
Renaldo Gary COLEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-3846.
District Court of Appeal of Florida, Second District.
May 30, 2007.
*1255 James Marion Moorman, Public Defender, and John Thor White, Special Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Richard E. MacDonald, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Renaldo Gary Coleman appeals following his convictions for kidnapping with a firearm, home-invasion robbery, carjacking with a firearm, grand theft of a motor vehicle, armed burglary of a dwelling, burglary of a dwelling with assault or battery, and battery. He argues that certain of his convictions and sentences violate the constitutional prohibition against double jeopardy. See U.S. Const. amend. V.; Art. I, § 9, Fla. Const. Although Coleman did not raise this issue in the trial court, a double jeopardy violation constitutes fundamental error that may be reviewed on appeal. See McGlorthon v. State, 908 So.2d 554, 555 (Fla. 2d DCA 2005). We affirm without discussion Coleman's convictions for kidnapping with a firearm, carjacking with a firearm, grand theft of a motor vehicle, and battery. However, because Coleman's convictions and sentences for home-invasion robbery, burglary of a dwelling with assault or battery, and armed burglary of a dwelling violate double jeopardy principles, we reverse and remand for the trial court to vacate two of these convictions and to resentence Coleman on all remaining convictions using a revised scoresheet.
In August 2003, Coleman and others forcibly entered the apartment of Zaine Pavelka. The perpetrators bound Mr. Pavelka and held him at gunpoint while they took various items from his apartment. The perpetrators also took two vehicles owned by Mr. Pavelka from the parking lot. The State filed multiple charges against Coleman, and a jury convicted him of the seven crimes specified above. The trial court entered judgment and sentenced Coleman for each of the crimes.
Coleman first argues that his convictions and sentences for burglary of a dwelling with assault or battery and armed burglary of a dwelling violate double jeopardy principles. In pertinent part, section 810.02(1)(b)(1), Florida Statutes (2003), defines the crime of burglary as "[e]ntering a dwelling . . . with the intent to commit an offense therein." Id. Section 810.02(2) provides, again in pertinent part, that burglary is a first-degree felony punishable by life imprisonment "if, in the course of committing the offense, the offender: (a) Makes an assault or battery upon any person; or (b) Is or becomes armed within the dwelling, structure, or conveyance, with explosives or a dangerous weapon."
In Hawkins v. State, 436 So.2d 44, 46 (Fla.1983), the Florida Supreme Court considered a double jeopardy challenge to two convictions for burglary under section 810.02(2), one based on an assault committed *1256 during the burglary and the other based on the carrying of a deadly weapon during the burglary. The court reversed one of the burglary convictions "because the two counts constituted the same statutory offense under section 810.02, Florida Statutes (1979)." 436 So.2d at 46. This court has also concluded that multiple burglary convictions based upon a single forced entry violate double jeopardy principles. See Grubb v. State, 940 So.2d 1168, 1169 (Fla. 2d DCA 2006) (involving convictions for armed burglary of a dwelling and burglary of a dwelling with an assault or battery); Chambers v. State, 924 So.2d 975, 976 (Fla. 2d DCA 2006) (reiterating that "convictions for both armed burglary of a dwelling and burglary of a dwelling with an assault or battery violate principles of double jeopardy because they were based upon a single forced entry and involved a single victim"). Thus, Coleman's convictions and sentences for burglary of a dwelling with assault or battery and armed burglary of a dwelling violate double jeopardy. On remand, the trial court must strike at least one of the burglary convictions. See Grubb, 940 So.2d at 1170.
Coleman next argues that his convictions and sentences for home-invasion robbery and burglary of a dwelling with assault or battery violate double jeopardy. Section 812.135(1), Florida Statutes (2003), states the following: "`Home-invasion robbery' means any robbery that occurs when the offender enters a dwelling with the intent to commit a robbery, and does commit a robbery of the occupants therein."
Several decisions hold that home-invasion robbery subsumes the crime of burglary with an assault or battery or the crime of burglary generally. See Mendez v. State, 798 So.2d 749, 750 (Fla. 5th DCA 2001) (holding that "[t]he crime of burglary of a dwelling with assault or battery is subsumed by the offense of home invasion robbery" and violates double jeopardy principles); Bowers v. State, 679 So.2d 340, 341 (Fla. 1st DCA 1996) (holding that burglary with an assault is subsumed by the crime of home-invasion robbery); Black v. State, 677 So.2d 22, 22 (Fla. 4th DCA 1996) (reversing burglary conviction because "[a]ll of the elements of burglary are included in the offense of home invasion robbery, of which appellant was also convicted").
Other cases hold that the offense of burglary with an assault subsumes the crime of home-invasion robbery. See Braggs v. State, 789 So.2d 1151, 1152-53 (Fla. 3d DCA 2001); Barboza v. State, 786 So.2d 675, 675 (Fla. 3d DCA 2001); Smith v. State, 741 So.2d 579, 579 (Fla. 3d DCA 1999). In these cases, the courts vacated the conviction for home-invasion robbery in favor of the conviction for burglary with an assault. Accordingly, Coleman's convictions and sentences for both home-invasion robbery and burglary of a dwelling with assault or battery cannot stand because of the prohibition against double jeopardy.
Further, this court's decision in Perez v. State, 951 So.2d 859 (Fla. 2d DCA 2006), precludes upholding Coleman's convictions and sentences for both home-invasion robbery and armed burglary of a dwelling. During a single criminal episode, Perez committed the offenses of home-invasion robbery, armed burglary, and false impersonation of a law enforcement officer during the commission of a felony. The trial court entered judgments and sentences for the three crimes, and the opinion notes the jury's finding that Perez possessed a firearm in both the home-invasion robbery and the armed burglary. Id. at 860.
This court noted that various cases have "held that convictions arising from a single episode for home invasion robbery and burglary violate either double jeopardy or section 775.021(4)(b)(3)." Id. at 859. Section 775.021(4)(b), Florida Statutes (2003), *1257 expresses legislative intent "to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction." Section 755.021(4)(b)(3) states an exception to this rule for "[o]ffenses which are lesser offenses the statutory elements of which are subsumed by the greater offense." In Perez we concluded that the "conviction for armed burglary must be vacated as it is subsumed by the greater offense of armed home invasion robbery." 951 So.2d at 860.
Here, the State charged Coleman with actually possessing a firearm during his commission of the armed burglary of a dwelling and the home-invasion robbery, and the jury's verdict found him guilty of committing these crimes with a firearm. Further, the crimes were part of one criminal episode, involving a single entry into Mr. Pavelka's apartment. Thus, Coleman's convictions and sentences for home-invasion robbery and armed burglary of a dwelling cannot both stand.
Therefore, as to Coleman's convictions and sentences for home-invasion robbery, burglary of a dwelling with assault or battery, and armed burglary of a dwelling, we reverse and remand with directions that the trial court vacate two of the convictions and sentences. We affirm the remaining convictions. However, because Coleman's sentencing scoresheet includes points for the home-invasion robbery and the two burglaries, we vacate all of Coleman's sentences and remand for resentencing using a new scoresheet that does not assess points for the vacated convictions.
Affirmed in part, reversed in part, and remanded for resentencing.
CASANUEVA and CANADY, JJ., Concur.