984 So.2d 542 (2008)
Adel'b SCHULTERBRANDT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-3565.
District Court of Appeal of Florida, Second District.
April 23, 2008.
Rehearing Denied July 2, 2008.
James Marion Moorman, Public Defender, and Kimberly Nolen Hopkins, Special Assistant Public Defender, Bartow, for Appellant.
*543 Adel'b Schulterbrandt, pro se.
Bill McCollum, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Adel'b Schulterbrandt was convicted of first-degree felony murder for the death of Cecil Huggins. He was also convicted of three counts of attempted first-degree felony murder for the attempts on the lives of Richard Kirkendall, Kenny Kirkendall, and Robert Kirkendall. He was also convicted of one count of armed burglary of a dwelling under section 810.02, Florida Statutes (2005), and two counts of attempted armed robbery under section 812.135, Florida Statutes (2005) (the home-invasion robbery statute), for attempts to take money from Richard Kirkendall and Kenny Kirkendall. All of the convictions arose from a single incident at the Kirkendalls' home.
In this appeal pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Schulterbrandt filed a pro se brief raising several issues, including a challenge to his convictions and sentences on double jeopardy grounds. After independently reviewing the record and applicable law, pursuant to Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we ordered counsel to file supplemental briefs on the double jeopardy issues.[1] We now conclude that it was error to convict and sentence Schulterbrandt on two counts of attempted home-invasion robbery based on a single home-invasion incident. We also conclude that it was error to convict and sentence him on both armed burglary of a dwelling and attempted armed robbery/home-invasion robbery. We affirm all other aspects of Schulterbrandt's convictions and sentences.
Schulterbrandt was convicted of two counts of attempted home-invasion robbery with a firearm under section 812.135 for his attempts to take money from Richard and Kenny Kirkendall during a single home invasion of the Kirkendalls' home. On appeal, Schulterbrandt argues that convicting him of two counts of attempted home-invasion robbery based on a single home entry violated double jeopardy principles. We agree. Section 812.135(1) provides:
"Home-invasion robbery" means any robbery that occurs when the offender enters a dwelling with the intent to commit a robbery, and does commit a robbery of the occupants therein.
(Emphasis added.) The plain language of the statute contemplates a single entry into a dwelling even if the resulting robbery is of more than one victim. Consistent with the plain language of the statute, in Brock v. State, 911 So.2d 271, 272-73 (Fla. 5th DCA 2005), the Fifth District held:
Only one count of home-invasion robbery may properly be charged for the entry into a single dwelling occupied by its two owners. . . . Although several victims were in the home, [the defendant] entered only one home during this crime. Thus, [the defendant] may be punished only once.
(Citation omitted.) See also Bowers v. State, 679 So.2d 340, 341 (Fla. 1st DCA 1996) ("[T]he [home-invasion robbery] statute clearly contemplates a single entry into a dwelling and the ensuing robbery of one or more occupants. Accordingly, only one count of home-invasion robbery properly *544 could be charged."). Based on the plain language of the statute, we conclude that Schulterbrandt's dual convictions for attempted home-invasion robbery based on a single home invasion violated double jeopardy; one of the two convictions must be vacated.
Schulterbrandt also argues that his convictions for both armed burglary of a dwelling and attempted armed home-invasion robbery violated double jeopardy because they arose from the same criminal episode. We agree. In Perez v. State, 951 So.2d 859, 860 (Fla. 2d DCA 2006), we vacated a conviction for armed burglary on double jeopardy grounds, finding the offense "subsumed by the greater offense of armed home invasion robbery." Convictions for home-invasion robbery and burglary based on a single criminal episode violate double jeopardy. Id. at 859.
Similarly, in Coleman v. State, 956 So.2d 1254, 1255 (Fla. 2d DCA 2007), we reversed and remanded the defendant's convictions for home-invasion robbery, burglary of a dwelling with assault and battery, and armed burglary of a dwelling based on a single criminal episode because they violated double jeopardy principles. We concluded:
Here, the State charged Coleman with actually possessing a firearm during his commission of the armed burglary of a dwelling and the home-invasion robbery, and the jury's verdict found him guilty of committing these crimes with a firearm. Further, the crimes were part of one criminal episode, involving a single entry into Mr. Pavelka's apartment. Thus, Coleman's convictions and sentences for home-invasion robbery and armed burglary of a dwelling cannot both stand.
Id. at 1257. See also McAllister v. State, 718 So.2d 917, 918 (Fla. 5th DCA 1998) ("[H]ome invasion robbery is an enhanced degree of burglary. . . . [T]he offense of burglary is a lesser degree of the same substantive crime."); Black v. State, 677 So.2d 22, 22 (Fla. 4th DCA 1996) ("We reverse and vacate appellant's conviction of and sentence for burglary. All of the elements of burglary are included in the offense of home invasion robbery, of which appellant was also convicted.").
Based on the foregoing, Schulterbrandt could not be convicted of both armed burglary of a dwelling and armed attempted home-invasion robbery because the burglary is subsumed by the attempted home-invasion robbery conviction. Therefore, the conviction for armed burglary must be vacated.
Accordingly we affirm in part, reverse in part, and remand with directions that the trial court vacate one of Schulterbrandt's convictions for home-invasion robbery, as well as his conviction for armed burglary of a dwelling, and resentence Schulterbrandt consistent with this opinion.
Affirmed in part, reversed in part, and remanded with instructions.
NORTHCUTT, C.J., and STRINGER, J., Concur.
NOTES
[1] As directed, both the State and the public defender filed supplemental briefs. Unfortunately, neither brief was particularly helpful in our analysis.