# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**TIMOTHY SHADE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-133

[January 23, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Timothy L. Bailey, Judge; L.T. Case No. 15-12764 CF10A.

Carey Haughwout, Public Defender, and Marcy Karr Allen, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

Appellant, Timothy Shade, appeals his convictions and sentences for two counts of burglary involving a single entry of a dwelling. Appellant raises five issues on appeal. We affirm four of the issues without discussion. However, we agree with Appellant's argument that the trial court violated double jeopardy by convicting and sentencing him for two counts of burglary where there was only one entry. We reverse and remand for the trial court to (1) vacate the conviction and sentence on one count and (2) vacate the sentence on the other count and resentence Appellant on that count.

## *Background*

Appellant was charged as follows: Count 1, armed burglary of a dwelling; Count 2, burglary of a dwelling with a battery; and Count 3, robbery with a deadly weapon. The matter proceeded to a jury trial.

The State's theory of the case was that Appellant and another intruder, whom the victim had seen before, burglarized her home. After the victim discovered the burglars in her home during her lunch break from work, Appellant pinned her against a wall, hit her with an object shaped like a knife in a leather case, and fled. When police arrived, the victim gave a statement and provided a description of the intruders. Appellant was later found, and the victim positively identified him during a show-up identification.

At the close of the State's case, Appellant argued that the two burglary charges should not go to the jury because allowing both would pose an issue of double jeopardy, and he requested that the trial court dismiss the second count. The trial court denied the request.

The jury returned its verdict finding Appellant guilty of burglary of a dwelling, as a lesser-included offense of armed burglary of a dwelling charged in Count 1, and guilty as charged of burglary of a dwelling with a battery as charged in Count 2. The jury found Appellant not guilty of robbery with a deadly weapon as charged in Count 3. Appellant was adjudicated guilty accordingly. His criminal punishment scoresheet listed Count 2 as the primary offense and burglary of a dwelling, a lesser-included offense of Count 1, as the additional offense. As to Counts 1 and 2, Appellant was sentenced as a habitual felony offender to concurrent terms of ten years in prison with credit for time served followed by concurrent terms of ten years of probation. After sentencing, Appellant gave notice of appeal.

*Appellate Analysis*

Appellant argues that the dual burglary convictions and sentences based on a single entry violate the constitutional prohibition against double jeopardy. The determination of whether double jeopardy is violated based upon undisputed facts is a pure question of law. *Latos v. State*, 39 So. 3d 511, 513 (Fla. 4th DCA 2010). As such, the standard of review is *de novo. Id.*

Appellant correctly relies on *Hawkins v. State*, 436 So. 2d 44 (Fla. 1983), in which our supreme court wrote:

> Hawkins next contends that he should not have been found guilty of both burglary counts since each count charged the same crime, although one was grounded in an assault committed during the burglary and the other in carrying a deadly weapon. We agree with this assertion and reverse

2

Hawkins' conviction on one charge of burglary because the two counts constituted the same statutory offense under section 810.02, Florida Statutes (1979).

*Id.* at 46.

As in *Hawkins*, Appellant here was charged with two burglaries, one asserting he committed a battery during the burglary and the other asserting he carried a deadly weapon. Although Appellant was not convicted of burglary with a deadly weapon, he was nevertheless convicted of a lesser-included burglary in Count 1, along with burglary with a battery as charged in Count 2. Thus, the dual convictions and sentences violate double jeopardy. *See Coleman v. State*, 956 So. 2d 1254, 1255 (Fla. 2d DCA 2007) (determining that convictions and sentences for burglary of a dwelling with assault or battery and armed burglary of a dwelling violate double jeopardy, where there is only one entry); *Trotman v. State*, 545 So. 2d 890, 891 (Fla. 4th DCA 1989) (determining that convictions and sentences for two counts of burglary, one alleging burglary with an assault and the other alleging burglary with a battery, violated double jeopardy where there was only one entry).

The State acknowledges *Hawkins*, but argues that dual burglary convictions are authorized by section 775.021(4)(b), Florida Statutes (2017), which provides:

> (b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
>
> 1. Offenses which require identical elements of proof.
>
> 2. Offenses which are degrees of the same offense as provided by statute.
>
> 3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

§ 775.021(4)(b), Fla. Stat. More specifically, the State argues that none of the exceptions in section 775.021(4)(b) apply to this case.

Although when considering the offenses *as charged*, the State's argument seems facially correct, the flaw in the State's argument is that

3

for sentencing purposes, the trial court must consider the offenses for which Appellant *was found guilty* by the jury. Using the correct focal point, the State's argument has no merit, because the verdict for Count 1 (burglary of a dwelling) demonstrates it is also a lesser-included offense of Count 2 (burglary of a dwelling with a battery), where the statutory elements of the lesser offense are subsumed by the greater offense. Additionally, as found by the jury, one offense (Count 2) is a first-degree felony burglary, and the other offense (Count 1) is a second-degree felony burglary. Thus, sections 775.021(4)(b)2. and 3. apply to this case. For that reason, we reject the State's argument and conclude the trial court improperly convicted Appellant of both counts of burglary where there was only one entry.

To remedy this error, one conviction and both sentences should be vacated, and where the sentencing scoresheet contains points for both convictions, the cause should be remanded for resentencing on the greater offense. *Coleman*, 956 So. 2d at 1257.

Appellant argues that he is entitled to a new trial on the burglary charge because "two counts of the same crime were improperly sent to the jury." However, Appellant has not cited any authority for this argument and we reject the argument.

Because the sentencing scoresheet contains points for both burglary convictions, we reverse and remand for the trial court to vacate the conviction for Count 1 (burglary) and the sentences for both counts and to resentence Appellant as to Count 2 (burglary of a dwelling with a battery).

*Affirmed in part, reversed in part, and remanded with instructions.*

GROSS and MAY, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4