PER CURIAM.
 

 Lester Bolding, Appellant, seeks review of a judgment and sentence entered after a jury found him guilty of both lewd or lascivious battery and lewd or lascivious molestation. The trial court adjudicated Appellant guilty of lewd or lascivious battery and sentenced him for that crime. Although the trial court agreed with Appellant that, under the facts of this case, it would violate the Double Jeopardy Clause to enter an adjudication of guilt as to lewd or lascivious molestation, the trial court noted on the judgment and sentence form that the jury found Appellant guilty of lewd or lascivious molestation. The trial court then ordered that adjudication of guilt for that offense be withheld. Appellant contends that this action violated the Double Jeopardy Clause. The State properly concedes error on this point. Accordingly, we affirm in part, reverse in part, and remand with instructions to the trial court to vacate the record of the jury’s determination that Appellant was guilty of lewd or lascivious molestation.
 

 Under the Double Jeopardy Clause of both the Florida and the federal constitutions, a person may not be “subjected] to multiple prosecutions, convictions, and punishments for the same criminal offense.”
 
 Valdes v. State,
 
 3 So.3d 1067, 1070 (Fla.2009);
 
 see
 
 U.S. Const, amend. V; Art. I, § 9, Fla. Const. The question before us is whether the jury’s finding of guilt as to the lewd or lascivious molestation charge constituted a conviction, such that the record of this finding on the judgment and sentence placed Appellant in double jeopardy. This issue may be settled by reference to the statutory definition of “conviction.” Section 921.0021, Florida Statutes (2008), defines “conviction” as “a determination of guilt that is the result of a plea or a trial, regardless of whether adjudication is withheld.” Thus, the constitutional prohibition against multiple convictions for the same criminal offense is violated even when a trial court adjudicates the defendant guilty of one offense and withholds adjudication of guilt as to the other offense. When a jury finds a defendant guilty of two offenses, and the defendant cannot be adjudicated guilty of both due to the constitutional prohibition against double jeopardy, the proper remedy is to vacate the verdict of guilt as to one of the offenses.
 
 Werhan v. State,
 
 673 So.2d 550, 553 (Fla. 1st DCA 1996). A double jeopardy violation is not rendered harmless simply because the defendant is not sentenced for both of the convictions or because they were not both scored on the guidelines scoresheet.
 
 Id.
 
 Accordingly, we hold that the trial court committed harmful error when it declined to vacate the jury verdict as to the lewd or lascivious
 
 *958
 
 molestation charge. For this reason, although the conviction and sentence for lewd or lascivious battery remain undisturbed, we must reverse and remand for vacation of the conviction for lewd or lascivious molestation.
 

 AFFIRMED in part; REVERSED in part; and REMANDED with instructions.
 

 LEWIS, THOMAS, and WETHERELL, JJ., concur.