PER CURIAM.
 

 Danny O. Davis, Appellant, seeks review of his convictions and sentences for two counts of sexual battery and one count each of burglary of a dwelling with an assault or battery and home-invasion robbery. His counsel filed a brief pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Following consideration of Appellant’s pro se brief and our independent review of the record, we directed Appellant’s counsel to provide supplemental briefing on whether Appellant’s dual convictions and sentences for burglary with an assault or battery and home-invasion robbery constitute double jeopardy. Appellant’s counsel now argues for reversal on this basis, and the State properly concedes error on this point. Accordingly, we reverse in part, affirm in part, and remand for vacation of the conviction and sentence for home-invasion robbery.
 

 Both of the offenses at issue were committed in the same criminal episode and stemmed from a single uninvited entry into the victim’s home. Based on the constitutional prohibition against double jeopardy and section 775.021(4), Florida Statutes (2009), a defendant may not be convicted of and sentenced for two offenses that occur in the same criminal episode unless each offense contains an element the other does not.
 
 Gaber v. State,
 
 684 So.2d 189, 191 (Fla.1996). This analysis focuses on the elements of the crime “without regard to the accusatory pleading or the proof adduced at trial.” § 775.021(4);
 
 Gaber,
 
 684 So.2d at 190. Burglary of a dwelling with an assault or battery is subsumed by home-invasion robbery, such that convictions of both offenses arising from a single criminal episode violate the principles of double jeopardy.
 
 Compare
 
 § 810.02(1)(b), (2)(a), Fla. Stat. (2009),
 
 with
 
 § 812.135(1), Fla. Stat. (2009);
 
 see Bowers v. State,
 
 679 So.2d 340, 341 (Fla. 1st DCA 1996);
 
 Elmy v. State,
 
 667 So.2d 392, 392 (Fla. 1st DCA 1995);
 
 Perez v. State,
 
 951 So.2d 859, 859-60 (Fla. 2d DCA 2006);
 
 cf. Coleman v. State,
 
 956 So.2d 1254, 1257 (Fla. 2d DCA 2007) (holding that “multiple burglary convictions based upon a single forced entry violate double jeopardy principles”);
 
 McAllister v. State,
 
 718 So.2d 917, 918 (Fla. 5th DCA 1998) (recognizing home-invasion robbery as a form of burglary).
 

 Because burglary with an assault or battery is the greater offense, this conviction should stand, and the conviction and sentence for home-invasion robbery should be vacated.
 
 Bowers,
 
 679 So.2d at 341. Accordingly, we reverse Appellant’s conviction for home-invasion robbery and remand with directions that the trial court vacate the conviction and sentence for that
 
 *1098
 
 charge. Appellant’s remaining convictions and sentences are affirmed.
 

 AFFIRMED in part; REVERSED in part; and REMANDED with directions.
 

 DAVIS, LEWIS, and WETHERELL, JJ., concur.