WARNER, J.
 

 Appellant, David Griffin, appeals from a criminal judgment, claiming that the court’s disposition resulted in a double jeopardy violation. When the double jeopardy issue was brought to the court’s attention, the court vacated the adjudication and did not sentence on one count, thus eliminating any violation. We therefore affirm.
 

 Appellant was charged by information with trafficking in oxycodone (count I), possession of an electronic weapon by a convicted felon (count II), introducing contraband into a detention facility (count III), possession of hydromorphone (count IV), possession of cocaine (count V), and possession of alprazolam (count VI). The charges arose out of an incident in which appellant allegedly concealed a bag of various contraband in his sock when he was taken to the intake center for the Broward County Detention Facility.
 

 Count III of the information was entitled: “Introduce Contraband into Detention Facility.” However, the language of count III charged that appellant did unlawfully “introduce into or
 
 possess
 
 upon the grounds of a county detention facility” various contraband (emphasis added).
 

 After the denial of his motion to suppress, appellant entered a plea of no contest to all counts. The plea was open, rather than negotiated. The trial court accepted appellant’s plea and adjudicated him guilty on all counts. A Presentence Investigation was ordered and the case was reset for sentencing.
 

 A few weeks after entering his plea, appellant filed a motion to withdraw his plea on counts I, IV, V, and VI, but to allow the adjudications on counts II and III to remain. The motion argued that double jeopardy precluded appellant’s convictions on counts I, IV, V, and VI where he was also convicted on count III.
 

 The prosecutor ultimately acknowledged that double jeopardy prohibited appellant from being convicted of both count III and the possession charges, explaining that the possession charges were lesser included offenses of the charge of introducing or possessing contraband at a detention facility. However, the prosecutor denied that double jeopardy affected count I, the trafficking count, because trafficking contained an element of the crime, namely amount of drugs, that count III did not. The prosecutor proposed that the court “withdraw” the adjudication on count III, explaining: “[T]hat way you are not imposing any adjudication or sentence at all and potentially that cures the problem as well.”
 

 Following the hearing, the trial court entered an order denying appellant’s motion to withdraw plea, but ordering “that the adjudication imposed on count 3 is hereby vacated and set aside.” The order further explained: “To avoid an alleged violation of the Double Jeopardy Clause, by agreement of the State, the Court will not adjudicate or sentence the defendant on count 3.”
 

 The court then sentenced appellant. On count I for trafficking in oxycodone, appel
 
 *346
 
 lant was sentenced to 15 years with a 3-year mandatory minimum as a habitual felony offender. On count II, appellant was sentenced to 15 years as a habitual felony offender. On counts IV, V, and VI, he was sentenced to 91.8 months in prison. All sentences were concurrent. The judgments entered prior to the order addressing the motion to withdraw plea have an “X” crossing out the entire document, and new judgments reflecting convictions and sentences only on counts I, II, IV, V and VI were entered on the date of sentencing. This appeal followed.
 

 Both the state and the appellant agree that double jeopardy would be violated by a conviction and sentence for both the introduction
 
 or possession
 
 of contraband in a facility and the counts for possession of that same contraband. Section 951.22(1), Florida Statutes, provides that “[i]t is unlawful ... to introduce into or possess upon the grounds of any county detention facility ... controlled substances.... ” Thus, where a defendant is convicted of both simple possession and a violation of section 951.22, a double jeopardy violation occurs if it cannot be determined which conduct-introduction or possession-is the basis for the conviction under section 951.22.
 
 See, e.g., Desire v. State,
 
 829 So.2d 948 (Fla. 4th DCA 2002). In
 
 Desire,
 
 this court explained: “To insure that no double jeopardy violation occurs, it is preferable for the court to either separate or narrow the alternatives in the instructions and jury form when a defendant is charged under an alternative conduct statute, such as section 951.22, Florida Statutes (2001).”
 
 Id.
 
 at 950.
 

 Appellant mistakenly claims, however, that the court withheld adjudication on count III, thus continuing to cause a double jeopardy issue. For double jeopardy purposes, the withholding of adjudication constitutes a conviction.
 
 See Bolding v. State,
 
 28 So.3d 956, 957 (Fla. 1st DCA 2010) (“Thus, the constitutional prohibition against multiple convictions for the same criminal offense is violated even when a trial court adjudicates the defendant guilty of one offense and withholds adjudication of guilt as to the other offense.”);
 
 Jones v. State,
 
 502 So.2d 1375, 1377 (Fla. 4th DCA 1987) (adjudication withheld is a conviction for double jeopardy purposes). The trial court’s orders made clear that the court completely vacated the adjudication of guilt on count III.
 

 While the normal practice is to vacate the lesser included offenses,
 
 see Raines v. State,
 
 19 So.3d 331, 332 (Fla. 2d DCA 2009), the trial court’s remedy of vacating count III (the greater offense) eliminated any potential double jeopardy issue.
 
 See Bolding,
 
 28 So.3d at 957 (“When a jury finds a defendant guilty of two offenses, and the defendant cannot be adjudicated guilty of both due to the constitutional prohibition against double jeopardy,
 
 the proper remedy is to vacate the verdict of guilt as to one of the offenses.”)
 
 (emphasis added). The state did not object, and appellant’s remedy to the trial court’s action would have been to seek to withdraw his plea as to all counts and proceed to trial. He did not do that, nor has he contested the voluntariness of his plea as a result of the cure the trial court imposed. Because he made an open plea to the court, we believe that the court could fashion the remedy it did. In short, there is no double jeopardy violation in this case.
 

 Affirmed.
 

 LEVINE and CONNER, JJ., concur.