HAZOURI, J.
The Appellant, Martin Olivera, appeals his convictions and sentences for multiple offenses all arising out of his armed entry into a home in an attempt to commit robbery. Olivera raises four issues on appeal, *925 only one of which has merit. Olivera argues that his convictions and sentences for attempted home invasion robbery with a firearm and armed burglary of a dwelling with a battery violate double jeopardy. We agree.
“Determining whether double jeopardy is violated based on undisputed facts is a purely legal determination, so the standard of review is de novo.” Binns v. State, 979 So.2d 439, 441 (Fla. 4th DCA 2008) (citation omitted). “The prevailing standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the Legislature ‘intended to authorize separate punishments for the two crimes.’ ... Absent a clear statement of legislative intent to authorize separate punishments for two crimes, courts employ the Blockburger [1] test, as codified in section 775.021, Florida Statutes (1997), to determine whether separate offenses exist.” Valdes v. State, 3 So.3d 1067, 1070 (Fla.2009) (citations omitted).
In the instant case, there is no clear statement of the legislature authorizing or prohibiting separate punishments for violations of sections 810.02(2)(a)-(b) and 812.135(2)(a), Florida Statutes (2008). Thus, we must turn to section 775.021(4), Florida Statutes (2008), to determine whether attempted home invasion robbery and burglary of a dwelling with a battery or assault are separate offenses. That section provides in relevant part:
(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; ... For the purposes of this section, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
§ 775.021(4), Fla. Stat. (2008).
Our courts have held that convictions for both home invasion robbery and burglary of a dwelling with a battery, arising out of the same episode, violate double jeopardy because one offense is subsumed by the other. See Davis v. State, 74 So.3d 1096, 1097 (Fla. 1st DCA 2011); Coleman v. State, 956 So.2d 1254, 1256-57 (Fla. 2d DCA 2007); Mendez v. State, 798 So.2d 749, 750 (Fla. 5th DCA 2001). Furthermore, the Second District has also held that convictions for attempted home invasion robbery and for burglary of a dwelling violate double jeopardy. See Schulterbrandt v. State, 984 So.2d 542, 544 (Fla. 2d DCA 2008).
Based on the foregoing, we affirm the conviction for the greater offense, armed burglary of a dwelling with a battery, which is a first-degree felony punishable by life. See § 810.02(2)(a)-(b), Fla. Stat. (2008). We remand with directions that the trial court vacate the conviction and sentence for the attempted home invasion *926 robbery with a firearm, a second-degree felony, and thus the lesser of the two offenses. See §§ 777.04(4)(c); 812.1S5(2)(a), Fla. Stat. (2008). If vacation of the attempted home invasion robbery conviction will require correction of Oliv-era’s scoresheet, Olivera should be resen-tenced on the other counts. See Finkley v. State, 16 So.3d 829, 329-30 (Fla. 4th DCA 2009).

Affirmed in part, reversed in part, and remanded for vacation of attempted home invasion robbery conviction and sentence, and for resentencing on remaining counts if necessary.

STEVENSON and GERBER, JJ., concur.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).