PER CURIAM.
Appellant argues that his convictions for sexual battery.by person in a position of familial or custodial authority (count I) and lewd or lascivious battery (count II) based on a single sexual act violate the constitutional prohibition against double jeopardy. In light of the State’s concession of error, we reverse Appellant’s conviction for count II and remand for the trial court to vacate that conviction.
The double jeopardy violation resulting from Appellant’s dual convictions in this case was not cured by the trial court adjudicating Appellant guilty of both offenses but holding sentencing on count II “in abeyance.” See Bolding v. State, 28 So.3d 956, 957 (Fla. 1st DCA 2010) (“When *1072 a jury finds a defendant guilty of two offenses, and the defendant cannot be adjudicated guilty of both due to the constitutional prohibition against double jeopardy, the proper remedy is to vacate the verdict of guilt as to one of the offenses, [citation omitted]. A double jeopardy violation is not rendered harmless simply because the defendant is not sentenced for both of the convictions or because they were not both scored on the guidelines scoresheet.”). We recognize that Appellant’s trial counsel acquiesced to this disposition,[1] but consistent with the State’s concession of error, we conclude that this is one of those rare circumstances in which reversal is warranted based on ineffective assistance of counsel that is apparent on the face of the record. See generally Dailey v. State, 46 So.3d 647 (Fla. 1st DCA 2010) (explaining that appellate court will only consider claims of ineffective assistance of counsel on direct appeal “when the ineffectiveness is obvious on the face of the appellate record, the prejudice caused by the conduct is indisputable, and a tactical explanation for the conduct is inconceivable”) (quoting Corzo v. State, 806 So.2d 642, 645 (Fla. 2d DCA 2002)); cf. Rios v. State, 730 So.2d 831 (Fla. 3d DCA 1999) (concluding on direct appeal that defense counsel’s erroneous stipulation that defendant was violent career criminal constituted ineffective assistance because without stipulation defendant could not have been convicted of possession of concealed weapon by violent career criminal).
In sum, we affirm Appellant’s conviction and sentence for sexual battery by person in a position of familial or custodial authority, but reverse Appellant’s conviction for lewd or lascivious battery and remand with instructions that the trial court vacate the latter conviction.
AFFIRMED in part; REVERSED in part; REMANDED with instructions.
CLARK, WETHERELL, and MAKAR, JJ., concur.

. After Appellant's trial counsel raised the double jeopardy issue at the sentencing hearing, the prosecutor replied:
I can address that real quick. I believe the law would be here that ... he was found guilty of both, but he should not be sentenced on both. As to Count 2, Count 2 exists if anything ever happens to Count 1, but he would not — should not be sentenced on it, and my thought is I would not include that on the score sheet, because I do believe that that count, in this factual situation, is subsumed in what was found by the jury in Count 1. So my suggestion is that ... goes in abeyance, and only would arise if anything ever happened to Count 1.
When asked by the trial court whether "that" was consistent with his understanding, Appellant’s trial counsel replied, "It is, Your Hon- or.”