PALMER, J.
Brandon Washington (defendant) appeals his judgment and sentences, entered by the trial court on the charges of armed burglary of a dwelling and attempted armed home-invasion robbery. We reverse the defendant’s conviction and sentence for attempted armed home-invasion robbery on double jeopardy grounds.
The State charged the defendant with, among other offenses, armed burglary of a dwelling[1] and attempted armed home-invasion robbery[2]. The matter proceeded to trial before a jury. The jury returned a verdict of guilty on all charges. The trial court entered a judgment in accordance with the jury’s verdict, and sentenced the defendant to a life sentence on the armed burglary of a dwelling conviction and a concurrent sentence of fifteen years’ imprisonment on the attempted armed home-invasion robbery conviction.
The defendant argues that the trial court violated the prohibition against double jeopardy by entering a conviction and sentence on both the armed burglary of a dwelling conviction and the attempted armed home-invasion robbery conviction because both convictions arose out of the same incident.[3] Schulterbmndt v. State, 984 So.2d 542 (Fla. 2d DCA 2008), and Olivera v. State, 92 So.3d 924 (Fla. 4th DCA), review denied, Olivera v. State, 104 So.3d 1086 (Fla.2012), support the defendant’s double jeopardy claim, and the State commendably concedes error. See also Jules v. State, 113 So.3d 949 (Fla. 5th DCA 2013) (holding that the defendant’s home-invasion robbery conviction violated double jeopardy because it arose from the same incident as the defendant’s burglary with an assault or battery conviction); Mendez v. State, 798 So.2d 749 (Fla. 5th DCA 2001) (explaining that burglary of a dwelling with an assault or battery is subsumed by the offense of home-invasion robbery).
Accordingly, the defendant’s conviction and sentence for attempted armed home-invasion robbery are reversed. We affirm in all other respects.
AFFIRMED in part; REVERSED in part; and REMANDED.
TORPY, C.J. and ORFINGER, J., concur.

. See § 810.02, Fla. Stat. (2007).

. See §§ 812.135, 777.04, Fla. Stat. (2007).

. Although the defendant did not raise any double jeopardy claim below, a double jeopardy violation constitutes fundamental error which can be raised for the first time on direct appeal. Bell v. State, 114 So.3d 229, 230 (Fla. 5th DCA 2013) (citing to Bailey v. State, 21 So.3d 147 (Fla. 5th DCA 2009)).