VTLLANTI, Judge.
Timothy W. Tuttle, Jr., appeals his convictions and sentences for one count of manslaughter with a firearm and one count of armed burglary. We affirm Tuttle’s conviction for manslaughter with a firearm without further discussion. However, for the reasons that follow, we must vacate Tuttle’s conviction and sentence for armed burglary and remand for further proceedings.
On July 10, 2010, two armed and masked men burst into the house Eric Stuebinger shared with his girlfriend and their infant son. Once inside, the perpetrators demanded drugs and money. When neither was forthcoming, one of the men shot Stuebinger. After ransacking the house and threatening Stuebinger’s girlfriend with a gun, the men fled. Stue-binger subsequently died from the gunshot wound. His girlfriend was later able to identify one of the perpetrators as Tuttle, and the State charged him with one count of second-degree murder, one count of attempted home invasion robbery with a firearm causing death or great bodily harm, and one count of armed burglary. At trial, the jury found Tuttle guilty of the lesser offenses of manslaughter with a firearm and attempted home invasion robbery and guilty as charged of the armed burglary.
At a subsequent sentencing hearing, Tuttle argued, and the State agreed, that Tuttle could not be convicted of both attempted home invasion robbery and armed burglary due to double jeopardy concerns. Tuttle and the State also agreed that the trial court should vacate the “lesser” of the two offenses. However, they disagreed on which of those two convictions was the “lesser.” Tuttle contended that the armed burglary verdict should be vacated because the offense of burglary is always subsumed within the offense of home invasion robbery. The State, on the other hand, contended that the attempted home invasion robbery verdict should be vacated because that offense carried the lesser sentence. The trial court agreed with the State, vacated the attempted home invasion robbery verdict, and convicted and sentenced Tuttle on the armed burglary charge. *395 Based upon binding precedent,- this was error.
The Florida Supreme Court has explained how courts are to distinguish “lesser” offenses from “greater” offenses as follows:
In distinguishing lesser offenses from greater offenses when faced with a double jeopardy violation, this Court has stated that based upon section 775.021(4), lesser offenses “are those in which the elements of the lesser offense are always subsumed within the greater, without regard to the charging document or evidence at trial.” State v. Florida, 894 So.2d [941] at 947 [ (Fla. 2005) ] (citing State v. McCloud, 577 So.2d 939, 941 (Fla.1991) (holding that an offense is a lesser offense “for purposes of section 775.021(4) only if the greater offense ... includes the lesser offense”)). Further, section 775.021(4)(b)(3) itself states that lesser offenses are offenses “the statutory elements of which are subsumed by the greater offense.” Therefore, the statutory elements of the lesser offense must he subsumed by the statutory elements of the greater offense in order for it to be considered the lesser offense in the dou-blejeopardy context.
Pizzo v. State, 945 So.2d 1203, 1206 (Fla. 2006) (emphasis added). Thus, the Pizzo court held that trial courts are to rely exclusively on an analysis of the statutory elements of the crimes to determine which is the “lesser,” and it explicitly rejected the argument advanced by the State that the determination of which offense is the “lesser” offense should be based on a comparison of the punishments for the two offenses. Id. This analysis dictates our resolution here.
Home invasion robbery is defined as a “robbery that occurs when the offender enters a dwelling with the intent to commit a robbery, and does commit a robbery of the occupants therein.” § 812.135(1), Fla. Stat. (2010). Burglary is defined as “entering or remaining in a dwelling ... with the intent to commit an offense therein.” § 810.02(l)(a), Fla. Stat. (2010). Even a cursory review of these elements makes clear that “[h]ome invasion robbery is in essence an aggravated form of burglary, because it requires a burglary and a robbery.” McAllister v. State, 718 So.2d 917, 918 (Fla. 5th DCA 1998). Because of the overlapping nature of the offenses, the offense of burglary “is a lesser degree of the same substantive crime” as home invasion robbery. Id. at 918-19. Therefore, under the clear dictates of section 775.021(4)(b)(3) and the Pizzo test, burglary is a lesser offense than home invasion robbery, and the burglary conviction should therefore be the one vacated to avoid a double jeopardy violation.
This court previously correctly applied the Pizzo test for lesser offenses in a case factually indistinguishable from this one. In Schulterbrandt v. State, 984 So.2d 542 (Fla. 2d DCA 2008), the defendant was charged with two counts of attempted home invasion robbery and one count of burglary based on a single home invasion incident. After considering the elements of the offenses, this court held:
Schulterbrandt could not be convicted of both armed burglary of a dwelling and armed attempted home-invasion robbery because the burglary is subsumed by the attempted home-invasion robbery conviction. Therefore, the conviction for armed burglary must be vacated.
Id. at 544. In reaching this conclusion, this court relied on two of its earlier cases which reached the same conclusion: Perez v. State, 951 So.2d 859 (Fla. 2d DCA 2006), and Coleman v. State, 956 So.2d 1254 (Fla. 2d DCA 2007), as well as the Fifth Dis *396 trict’s decision in McAllister, 718 So.2d at 918, and the Fourth District’s decision in Black v. State, 677 So.2d 22 (Fla. 4th DCA 1996). Each of these cases relied on the language of section 775.021(4)(b)(3) — the statute relied upon by Pizzo — to determine that the burglary offense was subsumed into the home invasion robbery offense and thus constituted the “lesser” offense for purposes of double jeopardy analysis.
All of the cases relied upon by the State in this appeal to argue otherwise either pre-date Pizzo, see, e.g., Mendez v. State, 798 So.2d 749 (Fla. 5th DCA 2001); Braggs v. State, 789 So.2d 1151 (Fla. 3d DCA 2001); Barboza v. State, 786 So.2d 675 (Fla. 3d DCA 2001); Smith v. State, 741 So.2d 579 (Fla. 3d DCA 1999); Bowers v. State, 679 So.2d 340 (Fla. 1st DCA 1996), and hence no longer apply, or simply cite to pre-Pizzo authority with no analysis of whether that authority remained good law after Pizzo, see Washington v. State, 120 So.3d 650 (Fla. 5th DCA 2013); Olivera v. State, 92 So.3d 924 (Fla. 4th DCA 2012); Davis v. State, 74 So.3d 1096 (Fla. 1st DCA 2011). In light of the fact that the pr e-Pizzo cases focused on a comparison of the punishments rather than the statutory elements to reach their conclusions — an approach explicitly rejected by Pizzo — these pr e-Pizzo cases are no longer good law. And post-Pizzo cases relying exclusively on pr e-Pizzo authority cannot alter the analysis that the Pizzo decision requires.
In sum, the State in this case led the trial court astray when it convinced the court, by using pr e-Pizzo authority, that it was proper to determine the greater and lesser offenses by a comparison of their punishments rather than their statutory elements. This resulted in the trial court vacating the verdict for the greater offense rather than the lesser. Accordingly, we must vacate Tuttle’s conviction and sentence for armed burglary and remand for the trial court to resentence Tuttle based on convictions for manslaughter and attempted armed home invasion robbery.
Affirmed in part, reversed in part, and remanded with directions.
LaROSE and BLACK, JJ„ Concur.