PER CURIAM.
Appellant, William Isiah Johnson, was convicted of burglary of a dwelling with assault or battery and home invasion robbery, but was adjudicated guilty and sentenced only on the burglary charge. Appellant raises two issues on appeal, only one of which merits discussion. Appellant argues, and the State concedes, that his dual convictions violate the prohibition against double jeopardy. We agree and, therefore, reverse Appellant’s conviction for home invasion robbery and remand with directions that the trial court vacate his conviction on that charge.
Appellant was charged with (Count I) burglary of a dwelling with assault or battery and (Count II) home invasion robbery without a weapon based on offenses he allegedly committed on or about October 11, 2011. Following a trial, the jury returned a verdict finding Appellant guilty on both counts as charged. At the sen *604 tencing hearing, the State reminded the trial court that Appellant could be sentenced only on one of the counts, and asked that he be sentenced on the higher offense of burglary of a dwelling with assault or battery. The trial court adjudicated Appellant guilty of burglary of a dwelling with assault or battery and sentenced him to forty-three years’ imprisonment on that count. Then, the following conversation took place:
THE COURT: ... Are we nolle pressing Count Two, or am I dismissing Count Two? Am I only sentencing on Count One?
[STATE]: You’re just only sentencing on Count One, and that’s the way it stays.
THE COURT: Okay. So Count Two just kind of floats out there?
[STATE]: Right.
THE COURT: I don’t know if it needs to be resolved in some way.
[DEFENSE COUNSEL]: No, your Honor. The way the case law seemed— my interpretation of the case law was he just couldn’t take an adjudication and have it added to his scoresheet and take additional time for it.
THE COURT: Okay. All right. So he’ll be adjudicated on Count One. We are not proceeding or sentencing or considering the verdict on Count Two, and his sentence is to begin immediately.
This appeal followed.
A double jeopardy violation constitutes fundamental error that may be raised for the first time on appeal. Stowe v. State, 66 So.3d 1015, 1016 (Fla. 1st DCA 2011). However, pursuant to the invited-error doctrine, “ ‘a party may not make or invite error at trial and then take advantage of the error on appeal.’ ” Anderson v. State, 98 So.3d 1201, 1206 (Fla. 1st DCA 2012) (quoting Czubak v. State, 570 So.2d 925, 928 (Fla.1990)). A double jeopardy claim based on undisputed facts is reviewed de novo. McKinney v. State, 66 So.3d 852, 853 (Fla.2011).
“Burglary of a dwelling with an assault or battery is subsumed by home-invasion robbery, such that convictions of both offenses arising from a single criminal episode violate the principles of double jeopardy.” Davis v. State, 74 So.3d 1096, 1097 (Fla. 1st DCA 2011) (reversing the appellant’s conviction for home invasion robbery and remanding with directions to vacate the conviction and sentence for that charge). A double jeopardy violation is not harmless simply because the defendant was adjudicated guilty and sentenced only on one of the offenses; rather, “the proper remedy is to vacate the verdict of guilt as to one of the offenses.” Bolding v. State, 28 So.3d 956, 957 (Fla. 1st DCA 2010).
 Appellant’s convictions for both burglary of a dwelling with assault or battery and home invasion robbery constitute a double jeopardy violation. While defense counsel invited the error during the sentencing hearing, reversal is proper because defense counsel’s ineffective assistance is apparent from the face of the record and the State concedes the error. See Hill v. State, 114 So.3d 1071, 1072 (Fla. 1st DCA 2013) (holding that the appellant’s dual convictions constituted a double jeopardy violation, reversing in part and remanding with instructions to vacate one of the convictions, and noting that while the Court recognized that defense counsel acquiescenced to the improper disposition, “consistent with the State’s concession of error, we conclude that this is one of those rare circumstances in which reversal is warranted based on ineffective assistance of counsel that is apparent on the face of the record”). Therefore, we affirm Appellant’s conviction and sentence *605 for burglary of a dwelling with assault or battery, but reverse his conviction for home invasion robbery and remand with directions that the trial court vacate that conviction.
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
LEWIS, C.J., WETHERELL and ROWE, JJ., concur.