PER CURIAM.
For the third time in the past 18 months, Danny 0. Davis seeks to present a claim of ineffective assistance of appellate counsel. His first petition was denied on the merits by this court in April 2013. His second petition was dismissed on the authority of Florida Rule of Appellate Procedure 9.141(d)(6)(C), as impermissibly successive in January 2014. The petition now before the court was filed less than two months later, again raising claims that Davis was denied the effective assistance of appellate counsel in his direct appeal. To the extent this petition presents any new grounds, petitioner’s failure to raise them in his first petition the court denied on the merits amounts to an abuse of procedure. Accordingly, as we did with petitioner’s second petition, we dismiss the petition now before us as impermissibly successive.
In addition, because the court’s records reflected that since the disposition of his direct appeal, Davis has appeared as a pro se appellant or petitioner in at least 11 cases arising from the same lower tribunal proceeding, we directed him to show cause why sanctions should not be imposed upon him, including but not limited to a prohibition on any further pro se filings in this tribunal. Having considered petitioner’s response to this order, we conclude that sanctions are warranted, but that the appropriate restriction at this point is to prohibit Davis from filing any further pro se petitions or pleadings, however denominated, raising claims concerning the effectiveness of his appellate counsel on direct appeal in case number 1D10-2382. Accordingly, the clerk is directed to henceforth reject any such filings unless signed by a member in good standing of the Flori *654 da Bar. Petitioner is cautioned that the filing of any further petitions or pleadings of any other sort determined by the court to be frivolous, malicious, or impermissibly successive, may result in the imposition of additional, broader sanctions.
PETITION DISMISSED and SANCTION IMPOSED.
LEWIS, C.J., PADOYANO and MAKAR, JJ., concur.