PER CURIAM.
Petitioner Danny O. Davis was charged in 2009 with two counts of sexual battery with the use or threatened use of a firearm, one count of burglary with an assault or battery, and one count of robbery. He was found guilty as charged by a jury and sentenced on April 7, 2010, as a habitual felony offender to four consecutive terms of life imprisonment. Davis appealed that judgment and sentence, and on August 31, 2011, this court reversed only Davis’ conviction and sentence for home invasion robbery on the basis that the dual convictions for home invasion robbery and burglary violated the constitutional prohibition against double jeopardy. See Davis v. State, 74 So.3d 1096 (Fla. 1st DCA 2011). This court affirmed Davis’ remaining three convictions and consecutive life sentences.
Since the disposition of his direct appeal in 2011, Davis has filed twelve appeals and petitions bringing collateral attacks on his judgment and sentence with this court.[1] Three of these were in the form of petitions alleging ineffective assistance of appellate counsel.[2] The latter two such petitions were dismissed as successive, and in the most recent petition, Davis was barred from bringing any further petitions relating to the effectiveness of appellate counsel in his direct appeal, case number 1D10-2382. See Davis v. State, 140 So.3d 653 (Fla. 1st DCA 2014). That order cautioned Davis that “the filing of any further petitions or pleadings of any other sort determined by this court to be frivolous, malicious, or impermissibly successive, may result in the imposition of additional, broader sanctions.” Id. at 654.
This most recent petition for writ of habeas corpus raised, yet again, claims attacking Davis’ judgment and sentence which Davis has raised before this court in at least eight other cases. Accordingly, we ordered Davis to show cause why he should not be barred from future pro se *999 filings due to his repeated collateral attacks on his judgment and sentence. See State v. Spencer, 751 So.2d 47, 48 (Fla.1999). Davis has failed to respond.
We find that Davis’ petition is frivolous. Accordingly, a certified copy of this opinion shall be provided to the Florida Department of Corrections pursuant to section 944.279, Florida Statutes (2014), for the imposition of disciplinary proceedings pursuant to Department rules.
We further conclude that Davis’ pro se activities before this court “are an abuse of the legal process that has ‘substantially interfered with the orderly process of judicial administration.’ ” Fails v. State, 46 So.3d 1032, 1033 (citing Birge v. State, 620 So.2d 234, 235 (Fla. 1st DCA 1993)). Accordingly, Davis is hereby prohibited from bringing any future pro se pleadings in this court challenging his conviction and sentence in Duval County Circuit Court case number 2009-CF-014092-AXXX-MA, unless he is “ ‘represented in such proceeding by a member in good standing of the Florida Bar.’ ” Fails, 46 So.3d at 1033 (quoting Baker v. State, 939 So.2d 167, 168 (Fla. 1st DCA 2006)). The clerk of this court is directed not to accept any further pro se filings in this case from petitioner.
PETITION DISMISSED.
ROWE, MARSTILLER, and MAKAR, JJ., concur.

. He has filed a total of 17 petitions and appeals arising from the same criminal case, but several of these did not amount to collateral attacks on his judgment and sentence

. Davis also filed a petition styled as seeking a belated appeal but which raised claims regarding the purported effectiveness of appellate counsel in his direct appeal. Davis v. State, 141 So.3d 184 (Fla. 1st DCA 2014).