ON MOTION FOR REHEARING AND CERTIFICATION
PER CURIAM.
We deny Schoonover’s motion, for rehearing and request to certify conflict with *997 Tuttle v. State, 137 So.3d 393 (Fla. 2d DCA 2014), review granted, 147 So.3d 527 (Fla. 2014). Tuttle addressed the issue of how to determine a lesser offense under section 775.021(4)(b)(3), Florida Statutes, for the purpose a vacating that offense. Following Pizzo v. State, 945 So.2d 1203 (Fla. 2006), the Second District Court of Appeal held in Tuttle that the lesser offense is determined by examining the statutory elements of each crime, not by examining their respective punishments. 137 So.3d at 395-96.
In his motion for certification of conflict, Schoonover mistakenly asserts that this court found a double jeopardy violation under section 775.021(4)(b), Florida Statutes, specifically under his erroneous “degree variant” argument pursuant to section 775.021(4)(b)(2). However, our opinion did not address Schoonover’s double jeopardy arguments under section 775.021(4)(b)(2) or (3), Florida Statutes, but instead, solely addressed, and ultimately agreed with the distinct argument Schoonover made in his pro se.brief that a double jeopardy violation resulted not from the statutory elements of the crimes, but from the sentencing enhancements under section 775.087(2), Florida Statutes. We concluded that a double jeopardy violation existed because “the enhancement to the arson charge for discharging a destructive device resulted in that charge having the same elements and requiring the same proof as the destructive device charge.”
Because our decision emanated from the above analysis, not from section 775.021(4)(b), it was not necessary to determine which offense was the lesser offense for the purpose of vacating offenses, as was the issue in Tuttle, To the extent that our subsequent statement, “Having concluded that a double jeopardy violation exists, the ordinary remedy would be to set aside the ‘lesser’ or subsumed offense — in this case the destructive device charge ...” suggests that we intended to determine the lesser crime for purposes of vacating one offense over another, we clarify that was not ,our intent. Our intent was to prevent an unwarranted windfall to Schoonover, as he was found guilty of both first-degree felonies. Accordingly, our pri- or opinion in this case does not conflict with Tuttle.
LAWSON, C.J., SAWAYA and PALMER, JJ., concur.