PER CURIAM.
Petitioner Gernard Chestnut files a third petition alleging ineffective assistance of appellate counsel in as many months, challenging the effectiveness of his appellate attorney in his direct appeals from judgments and sentences. ' Due to the petitioner’s repeated and successivé filings, we ordered the petitioner to show cause why he should not be prohibited from filing additional pro se petitions challenging the effectiveness of appellate counsel in First District Court 'of Appeal case numbers 1D13-1207 and 1D13-Í208. ’ ‘The petitioner’s response alleges, in a concluso-ry fashion, that barring him from filing additional petitions alleging ineffective assistance of appellate counsel will amount to a violation of his constitutional rights, and disputing that his petitions are successive. We disagree. The petitioner has filed two additional petitions alleging ineffective assistance of appellate counsel in the petitioner’s direct criminal appeals after .the first petition was denied on the merits by this court, all within a matter of months. Accordingly, we dismiss this third petition as successive.
Although we decline to bar the petitioner from any further pro se filings at this time, we prohibit him from filing any further pro se petitions or pleadings challenging the effectiveness of his appellate counsel in case numbers 1D13-1207 and 1D13-1208. See, e.g., Davis v. State, 140 So.3d 653 (Fla. 1st DCA 2014).' The Clerk of this Court is “directed to henceforth reject any such filings unless signed by a member in good standing of the Florida Bar,” and “[petitioner is cautioned that the filing of any further petitions or pleadings of any other sort determined by the court to be frivolous,' malicious, or impermissibly successive, may result in the imposition of additional, broader sanctions.” Id. at 653— 54.
PETITION DISMISSED and SANC: tion imposed;
LEWIS, WETHERELL, and MAKAR, JJ., concur.