# Supreme Court of Florida

—————————

No. SC14-817
—————————

**STATE OF FLORIDA,**
Petitioner,

vs.

**TIMOTHY W. TUTTLE, JR.,**
Respondent.

[November 12, 2015]

LEWIS, J.

The State of Florida seeks review of the decision of the Second District Court of Appeal in Tuttle v. State, 137 So. 3d 393 (Fla. 2d DCA 2014), on the ground that it expressly and directly conflicts with the decisions of the First District Court of Appeal in Johnson v. State, 133 So. 3d 602 (Fla. 1st DCA 2014), and Davis v. State, 74 So. 3d 1096 (Fla. 1st DCA 2011), the decision of the Fourth District Court of Appeal in Olivera v. State, 92 So. 3d 924 (Fla. 4th DCA 2012), and the decision of the Fifth District Court of Appeal in Washington v. State, 120 So. 3d 650 (Fla. 5th DCA 2013), on a question of law. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.

## BACKGROUND

Double jeopardy prohibits conviction for two crimes where all of the elements of one crime are subsumed within the elements of the second crime. See Pizzo v. State, 945 So. 2d 1203, 1206 (Fla. 2006). In Pizzo, we held that in the double jeopardy context, the lesser crime is that which has each element subsumed by the second crime, and the greater crime is that which requires proof of an additional element not required by the lesser crime. Id. at 1207. The conflict issue concerns which conviction should be vacated to alleviate double jeopardy concerns where, as in this case, the lesser crime carries a higher punishment than the greater crime.

This case arises from the home invasion of the residence of Eric Stuebinger by two armed individuals. Tuttle, 137 So. 3d at 394. Stuebinger was ultimately shot and killed during the incident, and Tuttle was identified as one of the intruders. Id. The State charged Tuttle with second-degree murder with a firearm, first-degree attempted home invasion robbery with a firearm causing death or great bodily harm, and first-degree burglary while armed. The jury found Tuttle guilty of manslaughter with a firearm, attempted home invasion robbery with a firearm, and armed burglary. Prior to sentencing, the State informed the trial court that dual convictions for attempted home invasion robbery and armed burglary presented

double jeopardy concerns,[1] and asked that the court dismiss the attempted home invasion robbery conviction, which carries a lesser sentence. Tuttle objected and asserted that the court was required to dismiss the armed burglary conviction, which carries a higher sentence.

The parties filed sentencing memoranda with regard to which conviction should be vacated. The State asserted that Florida law requires the lesser charge to be set aside, and attempted home invasion robbery is the lesser charge because it is a second-degree felony, whereas armed burglary is a first-degree felony that carries a greater sentence. On the other hand, Tuttle relied on Schulterbrandt v. State, 984 So. 2d 542, 544 (Fla. 2d DCA 2008), in which the Second District vacated an armed burglary conviction after it held that convictions for both attempted home invasion robbery and armed burglary violate double jeopardy because the elements of armed burglary are subsumed by those of attempted home invasion robbery. Accordingly, Tuttle contended that based on this elements test, the armed burglary conviction must be vacated, regardless of punishment.

The trial court accepted the position of the State and vacated the attempted home invasion robbery conviction. Tuttle appealed the ruling,[2] and the parties

---

1. The State does not contest in this review that dual convictions for both charges would result in a double jeopardy violation.

2. Tuttle raised two other claims before the Second District that are not relevant to the issue before this Court.

- 3 -

reiterated their arguments presented before the trial court. The Second District recognized that in Pizzo, this Court explained that the lesser offense is determined by looking exclusively to statutory elements, and that punishment should not be considered. Tuttle, 137 So. 3d at 395 (citing Pizzo, 945 So. 2d at 1206). The district court examined the elements of attempted home invasion robbery and armed burglary, and determined that the elements of armed burglary are subsumed by attempted home invasion robbery. Id. Accordingly, the district court held that armed burglary is the lesser crime. Id. The court also held that pursuant to Pizzo and section 775.021(4)(b)3., Florida Statutes (2010), which governs double jeopardy, the lesser offense of armed burglary should have been vacated. Id.

The State sought discretionary review in this Court based on express and direct conflict between the decision below and Johnson, 133 So. 3d at 602, Washington, 120 So. 3d at 650, Olivera, 92 So. 3d at 924, and Davis, 74 So. 3d at 1096. In each of these cases, the lesser crimes as defined by Pizzo were allowed to stand, and the convictions for the greater crimes were vacated.

## ANALYSIS

A double jeopardy claim based on undisputed facts presents a pure question of law and is reviewed de novo. Pizzo, 945 So. 2d at 1206. The Legislature codified the double jeopardy test delineated by the United States Supreme Court in

- 4 -

<u>Blockburger v. United States</u>, 284 U.S. 299 (1932), in section 775.021(4), Florida

Statutes, which provides in pertinent part:

>       (b)  The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent.  Exceptions to this rule of construction are:
>
>       1.  Offenses which require identical elements of proof.
>       2.  Offenses which are degrees of the same offense as provided by statute.
>       3.  <u>Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense</u>.

(Emphasis supplied).  This Court has explained double jeopardy as follows:

>       A defendant is placed in double jeopardy where based upon the same conduct the defendant is convicted of two offenses, each of which does not require proof of a different element.  <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932); <u>see</u> § 775.021(4), Fla. Stat. (2006) (codifying the <u>Blockburger</u> elements test where the Legislature does not clearly provide for separate offenses).  The Legislature has stated its intent to convict and sentence for each offense defined as separate under the <u>Blockburger</u> test, with three exceptions: offenses requiring identical elements of proof, offenses which are degrees of the same offense as provided by statute, and lesser offenses which have elements wholly subsumed by the greater offense.  § 775.021(4)(b).  When an appellate court determines that dual convictions are impermissible, the appellate court should reverse the lesser offense conviction and affirm the greater.  <u>See</u> <u>State v. Barton</u>, 523 So. 2d 152, 153 (Fla. 1988) (stating that when "one of two convictions must fall, we hold that the conviction of the lesser crime should be set aside").

<u>Pizzo</u>, 945 So. 2d at 1206.

<u>Prosecutorial Discretion</u>

The State asserts that requiring the lesser offense to be vacated infringes on prosecutorial discretion because it prevents the State from seeking adjudication and sentencing on a conviction that was properly charged. However, the State provides no authority that supports this claim. Rather, the cases simply relate to prosecutorial discretion with regard to the charging of criminal offenses. See Ball v. United States, 470 U.S. 856, 859 (1985) (noting that the prosecutor has the discretion to select which charges to file); see also United States v. Batchelder, 442 U.S. 114, 125 (1979) (holding that prosecutors may exercise discretion in determining which of several statutes with the same elements to charge, and this decision may be influenced by the penalties available on conviction); State v. Cogswell, 521 So. 2d 1081, 1082 (Fla. 1988) (same); Fayerweather v. State, 332 So. 2d 21, 22 (Fla. 1976) (same); State v. Bloom, 497 So. 2d 2, 3 (Fla. 1986) (holding that the decision to charge and prosecute is an exclusively executive function, and the trial judge did not have the authority to make a pre-trial determination as to the applicability of the death penalty). The State also relies on Barber v. State, 564 So. 2d 1169, 1170-71 (Fla. 1st DCA 1990), which relates to the prosecutor's discretion to determine which penalty scheme to pursue against a defendant. Another case concerns the executive clemency power and simply notes that prosecutorial discretion is a stage that precedes the judicial process. See Sullivan v. Askew, 348 So. 2d 312 (Fla. 1977). None of these cases hold that

- 6 -

prosecutorial discretion is affected when a court remedies a double jeopardy violation <u>after</u> a verdict has been rendered.

The State additionally relies on <u>Claps v. State</u>, 971 So. 2d 131 (Fla. 2d DCA 2007). In <u>Claps</u>, the defendant asserted that double jeopardy protections should be extended to either the information or jury selection phase of the proceedings. <u>Id.</u> at 134. The Second District declined to extend the protections and concluded that the ability of the State to select from a number of charging options does not conflict with the prohibition against double jeopardy. <u>Id.</u> The district court further stated that to rule otherwise would usurp the State's discretion with respect to strategic charging decisions, as well as the jury's role in deciding facts. <u>Id.</u> Thus, like the previously discussed cases, <u>Claps</u> relates only to discretion at the charging and prosecuting stages, not the post-verdict stage. Indeed, the district court stated:

> Allowing the jury to exercise its fact-finding function to decide which crime—or crimes—may have been committed, even when based on the same facts, is a classic and appropriate function of the jury trial system, <u>just as a court's determination as a matter of law which guilty verdicts will be precluded from adjudication and sentencing on double jeopardy grounds is a similarly appropriate function of the judiciary</u>.

<u>Id.</u> at 135 (emphasis supplied). Accordingly, <u>Claps</u> directly contradicts the State's position with regard to prosecutorial discretion, and instead supports the conclusion that such decisions are properly made by a court.

Finally, the State relies on dicta from a footnote contained in <u>Bogan v. State</u>, 552 So. 2d 1171, 1173 n.4 (Fla. 3d DCA 1989), which states:

- 7 -

> Indeed, there seems to be no restriction upon the state attorney's prerogative to abandon a particular prosecution at any stage of the proceedings, even post-verdict. . . . One must wonder whether some new constitutional principle (of "lenity"?) is now afoot, requiring that a particular charge be brought, and successfully so, against a defendant so that, when convicted, he may then receive a lesser punishment than otherwise.

This extraneous and unsupported statement does not persuade us that prosecutorial discretion is infringed when courts remedy double jeopardy violations after the jury has returned a verdict. Prosecutorial discretion allows a prosecutor to determine what crimes to charge, but does not allow a prosecutor to reach back after a verdict has been rendered so as to reach a more favorable result.

Double Jeopardy

The State also contends that this case does not involve a double jeopardy violation because the trial court vacated the attempted home invasion robbery conviction, and therefore never adjudicated or sentenced Tuttle on overlapping crimes. The State asserts that this case is not comparable to double jeopardy cases in which the trial court entered a judgment for both crimes, one of which is later reversed. In support of this contention, the State relies on Ball, 470 U.S. at 856, and Griffin v. State, 69 So. 3d 344 (Fla. 4th DCA 2011).

In Ball, the defendant was convicted and sentenced for receiving a firearm and possession of the same firearm. 470 U.S. at 857. The United States Supreme Court held that the government was not prohibited from simultaneously

prosecuting under both statutes. Id. at 860. However, the Supreme Court qualified this by stating that it did not mean the defendant could be convicted and punished for both offenses. Id. at 861. The Supreme Court determined that because the two statutes were directed toward the same evil and Congress did not intend for conduct to be punished for both crimes, the appropriate remedy was for the sentencing court to exercise its discretion to vacate one of the overlapping convictions. Id. at 864. The Supreme Court further held that adjudication for both convictions would violate double jeopardy even if no greater sentence was imposed as a result of conviction for both crimes because a conviction itself results in potential adverse collateral consequences. Id.

In Griffin, the defendant entered an open plea of no contest for several crimes, and his plea was accepted by the trial court, which adjudicated him guilty on all counts. 69 So. 3d at 345. The defendant later filed a motion to withdraw his plea on several counts based on double jeopardy grounds. Id. The State conceded with respect to a single count, and the trial court vacated the conviction on that count. Id. On appeal, the district court held that vacating the count eliminated any double jeopardy violation. Id.

Thus, Ball and Griffin support the conclusion that double jeopardy concerns arise once guilty verdicts on overlapping crimes are returned. The simple fact that the trial court may cure a violation before adjudication does not mean the double

jeopardy issue never arose. Indeed, if double jeopardy was not an issue, there would be no reason to vacate one of the convictions. Accordingly, we must address whether, as the State asserts, the trial court has the discretion to select which conviction to vacate under these circumstances.

In Pizzo, this Court held that when determining which offense is the lesser in the double jeopardy context, courts should look only to the elements of each offense, not the punishment for each offense. 945 So. 2d at 1206. The defendant in Pizzo was convicted and sentenced for, among other crimes, one count of organized fraud and six counts of grand theft. Id. at 1205. On appeal, the Second District reversed those convictions and remanded for the trial court to determine whether the six counts of grand theft, which were third-degree felonies, were greater or lesser offenses than the one count of organized fraud, which was a first-degree felony. Id. This Court accepted jurisdiction because the Second District's decision conflicted with Donovan v. State, 572 So. 2d 522 (Fla. 5th DCA 1990), in which the Fifth District reversed grand theft convictions as lesser offenses of organized fraud based on a comparison of the statutory elements of the two offenses. Pizzo, 945 So. 2d at 1205. This Court characterized the conflict as follows:

> What is in dispute is whether grand theft is the lesser offense and the method by which the lesser offense should be determined: that is, whether the elements of grand theft should be compared to the elements of organized fraud, Donovan, 572 So. 2d 522, or whether the

- 10 -

> punishments for the two offenses should be compared, <u>Pizzo</u>, 916 So. 2d 828.

<u>Id.</u> at 1206. In <u>Donovan</u>, the Fifth District held that convictions for both grand theft and organized fraud violated double jeopardy and section 775.021(4)(b)3., Florida Statutes (1987), because the elements of grand theft were subsumed by the elements of organized fraud. 572 So. 2d at 526. However, the district court in <u>Donovan</u> remanded for resentencing for the organized fraud conviction because no sentence was originally imposed for that crime. <u>Id.</u> at 527. The district court stated:

> In the present case we deal with a not unique situation in which the original sentence for a greater offense is less (in this case nonexistent) than the original sentences for lesser offenses. There would be a miscarriage of justice, and an obvious thwarting of the original intentions of the sentencing court, if our elimination of the lesser convictions left the appellant with no sentence at all.

<u>Id.</u> On review in <u>Pizzo</u>, this Court approved the elements test employed in <u>Donovan</u> and explained that under section 775.021(4)(b)3., the lesser offense is that for which each element is subsumed by another, the greater offense. 945 So. 2d at 1206.

The conflict here arises in part because district courts have failed to apply the holding of <u>Pizzo</u>. Three of the conflict cases—<u>Johnson</u>, <u>Davis</u>, and <u>Olivera</u>— are based on determinations with respect to whether home invasion robbery or burglary constitutes the greater offense without consideration of our holding in

<u>Pizzo</u>. <u>See</u> <u>Johnson</u>, 133 So. 3d at 604 (acknowledging the crime of burglary of a dwelling with an assault or battery is subsumed by home invasion robbery, but reversing conviction for home invasion robbery); <u>Olivera</u>, 92 So. 3d at 925 (holding armed burglary of a dwelling with a battery was the greater offense, as opposed to attempted home invasion robbery, because it carried a higher punishment, and reversing home invasion robbery conviction); <u>Davis</u>, 74 So. 3d at 1097 (holding burglary with an assault or battery is the greater offense and home invasion robbery the lesser offense, and reversing the home invasion robbery conviction).[3]

However, we conclude that <u>Pizzo</u> is not controlling on the issue presented here. The State concedes in this review that attempted home invasion robbery is the greater offense, but asserts the trial court has the discretion to vacate the greater offense where it carries a less severe punishment than the lesser offense. This issue was not analyzed or discussed in <u>Pizzo</u>. Although in <u>Pizzo</u> we stated the lesser offense should be vacated in reliance on <u>State v. Barton</u>, 523 So. 2d 152 (Fla. 1988), <u>Barton</u> did not involve a situation in which the lesser offense carried a greater punishment than the greater offense. This Court stated in <u>Barton</u>:

> As in cases where double jeopardy is applied to dual convictions, <u>Shade v. State</u>, 400 So. 2d 850 (Fla. 1st DCA 1981), there appears to

---

3. The final conflict case identified in the State's jurisdictional brief provides no explanation for how the district court determined which conviction and sentence should be reversed. <u>Washington</u>, 120 So. 3d at 651.

be no reason why the lesser conviction should not be vacated since the defendant has been found guilty of both crimes. [n.3] Henceforth, when a Carawan[v. State, 515 So. 2d 161 (Fla. 1987),] analysis is applied and one of two convictions must fall, we hold that the conviction of the lesser crime should be set aside.

> [N.3.] In cases involving convictions of both the greater and lesser included offenses, it is the lesser rather than the greater sentence which is vacated. See Russell v. State, 430 So. 2d 617 (Fla. 2d DCA 1983); Ervin v. State, 419 So. 2d 409 (Fla. 2d DCA 1982).

Id. at 153. Thus, Barton states that the lesser conviction and the lesser sentence should be vacated, and assumes that the lesser conviction will carry the lesser sentence. As a result, neither Barton nor Pizzo resolve the issue here.

Moreover, the double jeopardy clauses of the United States and Florida Constitutions do not dictate which conviction must be vacated. The double jeopardy clause of the Florida Constitution provides, "[n]o person shall be . . . twice put in jeopardy for the same offense . . . ." Art. 1 § 9, Fla. Const. The double jeopardy clause of the United States Constitution similarly provides that "[n]o person shall be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. As this Court explained in Valdes v. State, 3 So. 3d 1067, 1069 (Fla. 2009), double jeopardy protects a person from being subjected to multiple prosecutions, convictions, and punishments for the same crime. Thus, vacating either conviction would resolve the double jeopardy issue.

- 13 -

However, we conclude the plain and ordinary meaning of the double jeopardy statute directs that the lesser crime, as defined by <u>Pizzo</u>, should be vacated. <u>See</u> <u>Leftwich v. Fla. Dept. of Corrs.</u>, 148 So. 3d 79, 87 (Fla. 2014) ("The plain language of a statute is the primary method through which legislative intent may be discovered."). The double jeopardy statute unambiguously expresses that the legislative intent to convict and sentence for each criminal offense does not include those "[o]ffenses which are lesser offenses the statutory elements of which are subsumed by the greater offense." § 775.021(4)(b)3., Fla. Stat. The statute states, in essence, that each criminal offense will be separately punished, except those lesser offenses whose statutory elements are subsumed by a greater offense. Thus, in the anomalous situation in which the lesser offense carries the greater punishment, the conviction for the lesser offense should nonetheless be vacated, and the sentence for the greater offense should be maintained.

**CONCLUSION**

Based on the foregoing, we hold that when a defendant is found guilty for two offenses and adjudication of the defendant as guilty for both offenses would violate double jeopardy and section 775.021(4)(b)3., the lesser offense as defined by <u>Pizzo</u> should be vacated. Accordingly, we approve the decision below, and disapprove the decisions in <u>Johnson</u>, <u>Davis</u>, <u>Olivera</u>, <u>Washington</u>, and any other cases to the extent that they are contrary to this holding.

- 14 -

It is so ordered.

LABARGA, C.J., and PARIENTE, QUINCE, POLSTON, and PERRY, JJ., concur.
CANADY, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

CANADY, J., dissenting.

The majority concludes that Mr. Tuttle must be punished for his second-degree felony conviction rather than for his first-degree felony conviction because the first-degree felony (punishable by life) is a "lesser offense" than the second-degree felony. With this line of reasoning I cannot agree.

In concluding that Mr. Tuttle's first-degree felony conviction must be set aside, the majority purports to rely on the "plain and ordinary meaning" of section 775.021(4)(b). But that statutory provision is silent regarding the remedy applicable when two convictions for the same criminal conduct are impermissible under the rule of construction set forth in the statute. The majority can identify no portion of the statutory text that specifies the remedy for impermissible convictions. Rather than relying on the plain language of the statute, the majority decision draws the inference that the label applied to an offense in the statute determines the remedy for a violation. This is untenable because it gives no consideration to the only cogent rationale for the rule we have previously announced regarding the remedy for impermissible dual convictions. Contrary to

- 15 -

the majority's analysis, determining the proper remedy is not a purely formalistic exercise in labeling.

The rule the Court announced in State v. Barton, 523 So. 2d 152, 153 (Fla. 1988), that "when impermissible dual convictions have occurred" "the conviction of the lesser crime should be set aside" is a rule that must have a rationale. Our previous failure to articulate such a rationale does not indicate that a rationale is lacking. The result reached by the majority in this case illustrates the dangers inherent in the judicial pronouncement of a rule unaccompanied by any reasoning regarding the basis for the rule. A judicially announced rule without an articulated rationale is susceptible to applications that are inconsistent with the unexplained reasons underlying the rule.

The only cogent rationale for remedying impermissible dual convictions by setting aside the conviction for the "lesser crime" is that a defendant should be subject to the most severe punishment that is warranted by the jury's verdict. The Court's failure to set forth a rationale in Barton is attributable to the obviousness of this rationale. Indeed, no alternative plausible rationale is apparent. Legislative intent in authorizing punishment is thwarted if the remedy for impermissible dual convictions prevents the defendant from being subjected to punishment to the fullest extent authorized by law under the jury's verdict. There is no reason that

- 16 -

the remedy provided for the impermissible dual convictions should result in a windfall for the defendant.

For purposes of determining the proper remedy, it is not reasonable to conclude that a first-degree felony (punishable by life) is a "lesser crime" than a second-degree felony. From any perspective other than the hyper-formalistic, what makes one crime "lesser" than another is the less severe punishment imposed for the "lesser" crime.

The majority correctly recognizes that we confront the "anomalous situation" where the offense whose elements are subsumed carries a greater punishment than the subsuming offense. The proper response to that anomaly is not to impose an anomalous remedy. Instead, the proper response is to recognize that the only cogent rationale for the rule that the conviction for the "lesser crime" be set aside requires that the "lesser crime" be determined by the severity of the sanction associated with crime.

I therefore would quash the decision of the Second District Court in Tuttle and approve the decisions of the other district courts that are in conflict with Tuttle. I would also recede from Pizzo to the extent that it is inconsistent with the rationale I have explained.

Application for Review of the Decision of the District Court of Appeal - Direct Conflict of Decisions

    Second District - Case No. 2D12-3972

    (Lee County)

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; Donna S. Koch, Assistant Attorney General, and John M. Klawikofsky, Assistant Attorney General, Tampa, Florida,

    for Petitioner

Howard L. Dimmig II, Public Defender, and Benedict P. Kuehne, Special Assistant Public Defender, Tenth Judicial Circuit, Bartow, Florida; and Michael T. Davis of the Law Office of Benedict P. Kuehne, P.A., Miami, Florida,

    for Respondent