IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ALEX MUNOZ,

      Appellant,

v.                                                      Case No.  5D16-1747

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed March 17, 2017

Appeal from the Circuit Court
for Orange County,
Alicia L. Latimore, Judge.

James S. Purdy, Public Defender, and
Noel A. Pelella, Assistant Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellee.

PALMER, J.

Alex Munoz (the defendant) appeals his judgment and sentences, entered by the trial

court after a jury found him guilty of aggravated battery with a deadly weapon[1] and simple

---

[1] See § 784.045(1)(a), Fla. Stat. (2016).

battery.[2] We reverse the defendant's conviction and sentence for simple battery, vacate his sentence for aggravated battery, and remand for re-sentencing. We otherwise affirm.

The defendant first argues that his convictions for simple battery and aggravated battery violate the constitutional prohibition against double jeopardy because both convictions stem from a single criminal episode and the elements of simple battery are subsumed by the elements of aggravated battery. The State properly concedes error. See Rosado v. State, 129 So. 3d 1104, 1107 (Fla. 5th DCA 2013). Accordingly, we reverse the simple battery conviction and sentence as the lesser offense. See State v. Tuttle, 177 So. 3d 1246, 1253 (Fla. 2015).

The defendant also challenges his sentence on the aggravated battery conviction, arguing that the court erred in rejecting his request for a downward departure sentence pursuant to section 921.0026(2)(d) of the Florida Statutes (2016). This provision authorizes a trial court to depart downward if "[t]he defendant requires specialized treatment . . . for a physical disability, and the defendant is amenable to treatment." Id.

In denying the defendant's request for a downward departure sentence, the trial court concluded that the defendant suffered from a physical disability but stated, "I don't see any indication or documentation that would suggest that there would be any more sophisticated treatment that would not be offered." The defendant argues that this statement suggests that the court's ruling was improperly premised, at least to some extent, on his failure to produce evidence that the Department of Corrections (DOC) could not provide the specialized treatment and that such reasoning would violate with the ruling in State v. Chubbuck, 141 So. 3d 1163 (Fla. 2014).

---

[2] See § 784.03, Fla. Stat. (2016).

2

In Chubbuck, our Supreme Court considered "whether subsection 921.0026(2)(d) requires the defendant to prove that the required specialized treatment he [or she] needs is unavailable in the DOC." 141 So. 3d at 1168. The court concluded:

> [T]he plain language of subsection 921.0026(2)(d) does not require the defendant to prove that the required specialized treatment is unavailable in the DOC. We further find that this interpretation does not lead to an unreasonable result or a result clearly contrary to legislative intent. Accordingly, a defendant who is requesting a downward departure sentence pursuant to subsection 921.0026(2)(d) must prove the following three elements by a preponderance of the evidence: (1) the defendant has a mental disorder (unrelated to substance abuse or addiction) or a physical disability; (2) which requires specialized treatment; and (3) the defendant is amenable to such treatment.

Id. at 1171 (footnote omitted). As such, the defendant bears no burden of proving the unavailability of specialized treatment in the DOC.

When the record suggests, but does not establish, that a trial court misapplied the law when denying a request for a departure sentence, the district court should vacate and remand for re-sentencing. See Shuler v. State, 947 So. 2d 1259, 1260 (Fla. 5th DCA 2007). Accordingly, the defendant's sentence for aggravated battery is vacated, and this matter is remanded for re-sentencing.

AFFIRMED in part; REVERSED in part; VACATED in part; and REMANDED.


SAWAYA and ORFINGER, JJ., concur.

3